337 So.2d 723 (1976)
Johnnie Fred WATKINS
v.
Mrs. Necie WATKINS.
No. 48716.
Supreme Court of Mississippi.
September 28, 1976.
*724 Gordon, Henry & Mangum, Union, for appellant.
Alford, Mars & Thomas, Philadelphia, for appellee.
Before GILLESPIE, C.J., and SMITH and WALKER, JJ.
GILLESPIE, Chief Justice, for the Court:
Johnnie Fred Watkins appealed from a decree of the Chancery Court of Neshoba County holding him in contempt of court for his failure to support his adult retarded son.
In 1964, Necie S. Watkins was granted a divorce from Johnnie Fred Watkins. She was awarded custody of a thirteen-year old child, Roy, born of the marriage, and $35 per month for Roy's support. After Roy became twenty-one years of age, his father discontinued the child support payments. The mother had the father cited and the chancellor held him in contempt.
The proof indicated that Roy Watkins was retarded to the extent that he was not fully capable of supporting and taking care of himself but he was able to earn between $800 and $900 per year.
The 1964 decree for support was entered pursuant to Mississippi Code Annotated section 93-5-23 (1972), which provides that when a divorce is decreed the court may "make all orders touching the care, custody, and maintenance of the children of the marriage." The statute does not by its terms limit the court's power to children under twenty-one years of age. However, it is common knowledge that in the context of this statute the bench and bar have applied the term "children" to offspring who are less than twenty-one years of age. The Legislature enacted Chapter 268, Laws of 1960 (Mississippi Code Annotated section 93-11-65 [1972]), providing for remedies for the support, maintenance and custody of "minor" children "in addition" to the right to proceed under section 93-5-23, and "in addition" to the remedy of habeas corpus in proper cases. The limitation of the 1960 Act to minor children was a legislative recognition that in section 93-5-23 the term "children" was used to describe minor children.
We find no statute vesting jurisdiction in the chancery court to impose a duty on parents to support adult children. Code section 41-21-25 requires a parent to contribute, if they are able, to the care and maintenance of an adult patient in a mental institution. That statute does not authorize the procedure in the present case.
As a general rule, even in the absence of statute, parents are under a legal as well as a moral duty to support, maintain and care for minor children. 59 Am.Jur., Parent and Child § 50 (1971). In this State the duty is imposed on the mother as well as the father. Code §§ 93-5-23, 93-11-65. But at common law, the duty imposed on the parents to support their children ceased when the children reached majority. 59 Am.Jur.2d, Parent and Child § 102 (1972); Annot. 1 A.L.R.2d 910, § 3 (1948).
Some courts hold that where a child is of weak body or mind and because thereof is unable to care for himself after coming of age, the parental duties remain thereafter practically unchanged, and that the parents' duty to support the child continues as before. 59 Am.Jur.2d, Parent and Child § 103 (1971).
We hold that when Roy Watkins reached twenty-one years of age the decree for his support terminated and was not thereafter operative. We further hold that the contempt proceeding was not an appropriate suit in which to determine whether Roy Watkins was retarded, and whether his father was liable for his support if he was. It is, therefore, inappropriate for the Court to express any opinion on the question of *725 whether a parent has a duty to support an adult retarded child. Undoubtedly, there is a strong moral duty.
The decree holding Johnnie Fred Watkins in contempt of court is reversed and the contempt proceedings dismissed.
REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
SMITH, Justice (specially concurring):
I concur in the result announced in the opinion. However, since the question is not before us for decision in this case, I do not wish this to be considered as in any way foreshadowing my vote in some future case where the issue is the extent or degree of retardation of an adult offspring necessary to be established in order to impose upon its parents the legal duty of continuing support.