464 So.2d 496 (1985)
Nellie Jack Shoemaker WILSON
v.
Charles Ray WILSON.
No. 55343.
Supreme Court of Mississippi.
February 20, 1985.
*497 Ross Barnett, Jr., Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
Jerry T. Johnston, Johnston & Younger, Brandon, for appellee.
Before PRATHER, ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This case comes on appeal from the Chancery Court of Rankin County, Mississippi. The sole issue presented by this case is whether or not Rubisoff v. Rubisoff, 242 Miss. 255, 133 So.2d 534 (1961), which applied the seven-year-statute of limitations to alimony judgments, also applies to bar recovery of past due child support.
Nellie Jack Shoemaker Wilson and Charles Ray Wilson were divorced on February 27, 1963, when their two children were 8 and 6 years of age. Mr. Wilson was ordered to pay child support of $100.00 per month. From this record he never paid any of that court-ordered support.
Charles Wilson, the elder child of these parties, graduated from high school in May, 1978, but continued to live at home, holding a variety of jobs, until he married some time in 1981.
Jackie Wilson, the daughter of these parties, quit school in 1979 because of injuries she suffered in a traffic accident. She was hospitalized for some time and was dependent upon her mother for any support exceeding $10,000 which she recovered from her accident claim. Most of that $10,000 went to satisfy doctor and hospital bills. Jackie Wilson continued to live at home and continued her studies until she ultimately got her diploma by passing a GED test and subsequently graduated from Phillips College.
The chancellor found that Charles Wilson became emancipated in May, 1978, and from that date was no longer entitled to the support of his father. The chancellor found also that Jackie Wilson became emancipated in June, 1980, and that no further support was due to her after that month.
Mrs. Wilson filed a contempt action alleging that Mr. Wilson was in arrears in the sum of $18,000 in back child support.
Mr. Wilson claimed that his son, Charles, became emancipated when he graduated in May of 1978, and that he was entitled to an automatic reduction to $50 per month in child support and that when his daughter, Jackie, quit school in 1979 even that support terminated.
Mr. Wilson further defended himself on inability to pay any amount and then urged upon the trial court that the case of Rubisoff v. Rubisoff, supra, applies the seven-year statute of limitations to vested orders of child support as well as alimony and, therefore, Mrs. Wilson was entitled to nothing beyond seven years from the date that she filed her citation for contempt. Under Mr. Wilson's theory, the seven-year statute of limitations contained in § 15-1-43 Mississippi Code Annotated (1972) would limit the recovery of Mrs. Wilson to the period from November, 1976, through July, 1980, or a span of forty-three (43) months. No authority was cited to the chancellor for this proposition other than the case of Rubisoff. After hearing all of the testimony, the chancellor determined that Charles Wilson was emancipated in May, 1978. However, the chancellor correctly found that Mr. Wilson was not entitled to an automatic reduction of support by one-half upon this happenstance by virtue of our decision in Moore v. Moore, 372 So.2d 270 (Miss. 1979), in which we held that emancipation of some of a father's children *498 does not authorize the father to reduce his child support payments pro rata without first securing a modification of the divorce decree.
The chancellor found that Mr. Wilson was able to pay the support, and following the Rubisoff case limited Mrs. Wilson's recovery to a period of seven years from the date she filed her action. As a result of the chancellor's application of the statute of limitations, he granted a judgment in favor of Mrs. Wilson for $4,300 plus a $500 contribution toward attorney's fees, and gave Mr. Wilson thirty days in which to satisfy this award.
Feeling aggrieved, Mrs. Wilson brings this appeal, assigning as error that the seven-year statute of limitations under § 15-1-43 Mississippi Code Annotated (1972) as applied by Rubisoff, supra, does not apply to the payment of child support. We agree.
In Rubisoff, this Court applied the statute of limitations to bar a claim by a divorced wife for alimony payments which were more than seven years past due from the date suit was filed. Thus, the wife, to whom the alimony belonged, was barred from recovery by her own inaction. A child support action stands in a different posture. We have recognized that a child support judgment is awarded to the custodial parent for the benefit and protection of the child, the underlying principle being the legal duty owed to the child for the child's maintenance and best interest. Hailey v. Holden, 457 So.2d 947 (Miss. 1984). This Court has recognized that the child support benefits belong to the child, who is the only party that may compel an accounting of child support sums from the parent who receives them. Trunzler v. Trunzler, 431 So.2d 1115, 1116 (Miss. 1983), (emphasis added). It is thus plain that the custodial parent's assertion of the child's right of child support is not by virtue of the parent's legal right to those funds, but by virtue of the fiduciary relationship owed to the child. Trunzler v. Trunzler, 431 So.2d at 1116 (Miss. 1983).
The general rule embodied in Mississippi Code Annotated § 15-1-53 (1972), is that:
When the legal title to ... a right in action is in an ... guardian, or other trustee, the time during which any statute of limitations runs against such trustee shall be computed against the person beneficially interested in such property or right in action, although such person may be under disability and within the saving of any statute of limitations; and may be availed of in any suit or actions by such person.
However, Mississippi recognized in Weir v. Monahan, 67 Miss. 434, 7 So. 291 (1889), that this rule does not apply when the right is that of the minor's, to be asserted by the guardian in the minor's name. This case recognizes the rule that where the minor holds the legal right, the statute of limitations does not begin to run until the disability of minority is removed. See 53 C.J.S., Limitations of Actions, § 19.
The code section that applies in child support cases is Mississippi Code Annotated § 15-1-59 (Supp. 1984), which is the savings clause in favor of persons under disabilities:
§ 15-1-59. Saving in favor of persons under disabilities.
If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one years.
Under this section, the statute of limitations clearly has not run.
Further, we regard the duty to support children to be upon both parents and a continuing duty, both legal and moral in nature, and a vested right of the child growing out of the marriage relation. Simpson v. Rast, 258 So.2d 233 (Miss. *499 1972); Rasch v. Rasch, 250 Miss. 885, 168 So.2d 738 (1964).
To allow the statute of limitations to run during the disability of the minor, the very period through which the minor needs and is entitled to the support of his parents, would defy reason.
To bar the child because of a parent's failure to timely assert the child's claim for support is to deprive the child of that support which belongs to him for reasons over which the child has no control.
The object of child support payments is to clothe, feed and otherwise care for the children and the obligation to make these payments arises out of the continuing relationship between the parent and the child, not from the relationship between the two parents. The custodial parent has a duty to care for the children so far as that parent is able to do so, but where court ordered support is involved from the non-custodial parent, the custodial parent is not a real party in interest sufficient to bar the child's recovery of past-due support payments. The custodial parent is merely the conduit through which the support money passes for the benefit of the children.
The chancellor, therefore, committed reversible error in applying the seven-year statute of limitations provided by Mississippi Code Annotated § 15-1-43 (1972), to child support payments. Rubisoff v. Rubisoff, supra, has no application under these facts.
Therefore, this cause is reversed and remanded to the Chancery Court of Rankin County for a determination of the total amount of support due from the date of the divorce until the emancipation of the youngest child on July 1, 1980. Appellant is awarded, as is our custom, an attorney's fee of $250.00 for the prosecution of this appeal.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.