478 So.2d 310 (1985)
Charles William TAYLOR
v.
Juanita B. TAYLOR.
No. 55068.
Supreme Court of Mississippi.
October 30, 1985.
*311 E. Michael Marks, Rufus Creekmore, Jackson, for appellant.
John B. Toney, Rainer & Toney, Brandon, for appellee.
Before PATTERSON, C.J., and PRATHER and SULLIVAN, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Chancery Court of the First Judicial District of Hinds County dismissing a motion for modification of a divorce decree.
The material facts are not in dispute.
On January 20, 1981, Juanita Taylor was granted a divorce from Charles Taylor on the grounds of irreconcilable differences. Two children were born of this marriage: a daughter, a married adult at the time of the divorce; and a son, Charles W. Taylor, II, who is emancipated but physically incapacitated and confined to a wheelchair. He resides with his father.
The final divorce decree incorporated by reference a separation and property settlement agreement which contained, among other things, the following:
1. That Charles Taylor did thereby convey to Juanita Taylor one-half of his undivided interest in and to all property and rights in Dixie Gas Company so that Juanita Taylor would thereafter own an undivided one-fourth interest in and to said Dixie Gas Company partnership.
2. That: "It is further understood and agreed that Juanita Taylor shall receive at least the sum of $1,500.00 per month out of her share of the profits of Dixie Gas Company beginning with the month of January, 1981. Said Charles W. Taylor shall do all things necessary to see that all available profits shall be regularly distributed so that Juanita Taylor receives said sum."
3. That Charles Taylor would have the exclusive use, benefit and control of the home of the parties situated in Hinds County, "for so long as Charles William Taylor, II, needs the use of said home because of his present physical disabilities."
*312 In March of 1983, Mr. Taylor filed a motion for modification alleging there had been a material change of facts and circumstances since the rendition of the final decree. He requested an award of a reasonable monthly sum for the support and maintenance of their disabled son who was residing with him, or, alternatively, a re-adjustment of the equities in the award of alimony being paid to Mrs. Taylor. The change in circumstances alleged that Taylor had relinquished all of his interest in Dixie Gas Company to his former wife and former business partner, and therefore had little or no income from any source. In answer to interrogatory questions Taylor stated the average sum of money expended monthly for the care of his son amounted to $2,305.03 while the money available for him through social security benefits totalled $504.00 per month plus hospital care expenses.
In response to this motion respondent filed a motion for summary judgment. She contended the chancellor lacked jurisdiction to modify the decree regarding child support and alimony because the settlement agreement contained no provisions for them. The motion was overruled.
On July 15, 1983, Mrs. Taylor filed a motion for judgment on the pleadings pursuant to Miss.R.Civ.P. 12(c). The primary ground asserted was the motion for modification failed to state a cause of action upon which relief could be granted.
The motion was sustained, while acknowledging that Charles W. Taylor, II was in need of medical attention and unable to support himself, the lower court held there was no provision for child support in the divorce decree inasmuch as both children were emancipated. The chancellor also found there was no alimony provision in the decree, and therefore modification was inappropriate.
The issue of whether the court could order either party to contribute to the support and well being of their adult son was resolved negatively, the court recognizing "a strong moral duty for both husband and wife to help care for a needy child," but not a corresponding legal duty. The lower court, therefore, sustained Mrs. Taylor's Miss.R.Civ.P. 12(c) Motion for Judgment on the pleadings, dismissing the motion for modification of the divorce decree.
In the first assignment of error Taylor contends the trial court erred in sustaining the motion for judgment on the pleadings and concluding the separation and property settlement agreement made no provision for periodic alimony or child support. A careful study of the pleadings convinces us the trial court's findings and conclusions are supported by the record. We therefore affirm on this point.
The compelling issue is whether Mrs. Taylor has a legal duty to contribute to the support of their adult physically incapacitated son who is unable to support himself.
In Watkins v. Watkins, 337 So.2d 723 (Miss. 1976), the question was whether the father of a mentally retarded child could be held in contempt for ceasing child support payments when the child attained majority. It is apparent that some members of the bench and bar have relied on this decision for the proposition that a parent has no legal duty to support an adult retarded child beyond the age of majority. This is a misconstruction. The Watkins case never reached the question, but merely held a contempt proceeding was an inappropriate suit in which to do so.
We are of the opinion a suit brought by one parent against the other for modification of a divorce decree is likewise an inappropriate proceeding in which to decide the issue. In Trunzler v. Trunzler, 431 So.2d 1115 (Miss. 1983), we held a divorced spouse may be required to account for child support payments, but the cause must arise by or on behalf of the children, to whom the monies belong. We reasoned the custodial parent is a fiduciary with the children and may be required to account to them. But there is no fiduciary relationship between former spouses, and therefore no corresponding legal duty to account to each other.
*313 Courts in other jurisdictions have held the custodial parent has no standing to bring an action or seek support for a child after the child attains majority. See Rogers v. Runnels, 448 So.2d 530 (Fla. Dist. Ct. App. 1984); Ramos v. Ramos, 425 So.2d 989 (La. Ct. App. 1983). We think the same rule applies in this state. In our opinion if there is a legal duty for a parent to support an adult incapacitated child, the duty runs from the parent to the child; not from one divorced spouse to the other. The action should therefore be maintained by or on behalf of the adult child against the parent from whom support is sought.
The trend appears to be to impose a legal obligation on parents to support adult, incapacitated children. Shufflebarger v. Shufflebarger, 460 So.2d 982 (Fla. Dist. Ct. App. 1984); Sininger v. Sininger, 300 Md. 604, 479 A.2d 1354 (1984); Ex Parte Brewington, 445 So.2d 294 (Ala. 1983); Ramos v. Ramos, 425 So.2d 989 (La. Ct. App. 1983); Kruvant v. Kruvant, 100 N.J. Super. 107, 241 A.2d 259 (1968); and Sayne v. Sayne, 39 Tenn. App. 422, 284 S.W.2d 309 (1955). However, we have not expressed an opinion on this issue in this state, and do not here. Despite the compelling reasons for addressing this issue, we cannot ignore the premise that the modification proceeding here presented is an inappropriate suit in which to do so. Having reviewed the record, briefs and hearing the oral argument, we find the trial court was correct in the disposition of this suit. The judgment of the lower court is affirmed.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.