576 So.2d 1268 (1991)
Christy Anita McGLASTON, By and Through her Mother and Next Friend, Alice McGLASTON
v.
Bob COOK.
No. 89-CA-1002.
Supreme Court of Mississippi.
March 13, 1991.
Anita M. Stamps, Stamps & Stamps, Jackson, for appellant.
R.K. Houston, Bay Springs, for appellee.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION

A.
The primary issue involved in this appeal is whether the doctrine of laches should be applied to a minor child's suit to establish her paternity. Christy Anita McGlaston, a minor, had filed suit against her alleged putative father, Bob Cook. The Chancery Court of Jasper County, upon transfer from Hinds County, dismissed Christy's petition on the basis of laches. Christy appealed, and this Court reverses.

B.
Alice McGlaston, an unmarried, nineteen-year-old woman, gave birth to Christy Anita McGlaston on June 23, 1978. On behalf of Alice, a welfare recipient, the State Department of Public Welfare filed a paternity *1269 suit against Bob Cook on March 26, 1981. This action was later dismissed without prejudice at Alice's request.
In February 1987, Alice's daughter, Christy, filed suit against Bob under Miss. Code Ann. § 93-9-9 (Supp. 1990)[1] to determine paternity and to secure an order of filiation and support.
Bob answered by generally denying the paternity allegation. He also moved for a dismissal  citing several affirmative defenses as his bases. The chancellor held a hearing on one of these defenses  the equitable doctrine of laches. In short, Bob contended that passage of time (between Christy's conception and this suit's filing date) and unavailability of witnesses prejudiced his ability to prepare his case and that, therefore, laches should apply. The chancellor agreed and granted Bob's motion. Christy appealed and presented two issues, which are addressed in the following section.

II. ANALYSIS

A.
The issue addressed in this section is: Does Laches Apply to a Minor Child's Petition for a Determination of Paternity?
Generally, laches is "neglect to assert a right ... causing prejudice to an adverse party." 30A C.J.S. § 112. In order to apply laches in the case sub judice, the Court would have to find that an eight-year-old child was negligent in not previously anticipating her needs for education and maintenance.
While Christy's mother, Alice, waited over eight years to file her own paternity suit and then requested that it be dismissed, her actions are irrelevant to the present action. This is the child's action, and this Court has held that a mother's conduct cannot be imputed to her child in the child's action. For example, in Baker by Williams v. Williams, this Court held:
As to the defenses of estoppel and laches, the appellee's position was that [the mother] waited several years after the divorce decree to bring this action on behalf of [the minor child]; therefore, the mother is guilty of laches. [The father's] second position was that the divorce complaint and birth certificate stating that Julie Denise was the daughter of Leland Baker bars the lawsuit under the doctrine of estoppel.
The facts cited by the Court to support this application of estoppel and laches were actions of the mother. This is the child's suit, and the mother's actions cannot be imputed to the child to invoke these doctrines.
503 So.2d 249, 255 (Miss. 1987) (citing Wilson v. Wilson, 464 So.2d 496 (Miss. 1985)). To allow this would mean "depriv[ing] the child of that support which belongs to him [or her] for reasons over which the child has no control." Wilson, 464 So.2d at 499; see also Minor v. State Dept. of Pub. Welfare, 486 So.2d 1253 (Miss. 1986); Palmer v. Mangum, 338 So.2d 1002 (Miss. 1976).
Furthermore, to apply laches in a child's petition for determining paternity would frustrate the legislature's intent expressed through its "Uniform Law on Paternity." See generally MISS. CODE ANN. ch. 9 (1972 & 1990 Supp.). The purpose of this law is, "[T]o make such orders as may be necessary to provide for the support, education and maintenance of children born out of wedlock, lest these children become public charges." Clark v. Whiten, 508 So.2d 1105 (Miss. 1987).[2]
In sum, laches cannot be asserted against a minor. See MISS. CODE ANN. § 93-9-9 (1990 Supp.) (providing for a time *1270 limitation for filing a paternity suit). Therefore, Christy cannot be deemed negligent in asserting her statutory rights, and laches may not be applied to bar her suit. See also id. § 15-1-9; Wilson, 464 So.2d at 496.

B.
A second issue presented on appeal relates to Christy's motion for blood testing of herself and her mother and alleged father. The record indicates that the chancellor never ruled on the motion since he dismissed the case on other grounds (i.e., laches).
Statutory law provides the authority and procedure for securing an order for blood testing in a paternity suit. See MISS. CODE ANN. § 93-9-21 (1990 Supp.), construed in Johnson v. Ladner, 514 So.2d 327 (Miss. 1987), and Deer v. State Dept. of Pub. Welfare, 518 So.2d 649 (Miss. 1988). The Court also directs to the chancellor's attention an amended version of § 93-9-21 which became effective on April 4, 1990.

III. CONCLUSION
For the foregoing reasons, the order dismissing Christy's petition on the ground of laches is reversed, and this case is remanded to the Chancery Court of Jasper County for proceedings consistent with this opinion.
REVERSED AND REMANDED TO JASPER COUNTY CHANCERY COURT FOR FURTHER PROCEEDINGS.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Miss. Code Ann. § 93-9-9 (1972) provided that an action to establish paternity could not be brought by the minor's mother after the child reached age one year; however, effective July 1, 1989, that time limitation for a mother's suit has been eliminated. Miss. Code Ann. § 93-9-9 (Supp. 1990).
[2] At the time Christy filed this action, a statute of limitation did not exist. However, the legislature has since imposed via amendment a limitation period by requiring a petition filed under the "Uniform Law on Paternity" to be filed prior to the child's eighteenth birthday. See MISS. CODE ANN. § 93-9-9 (Supp. 1990) (effective from and after July 1, 1989).