I concur in part and dissent in part from the majority.
In Duncan I, this Court held that child support terminates when the child reaches the age of twenty-one (21). Nichols v.Tedder, 547 So.2d 766, 768-769 (Miss. 1989); Watkins v.Watkins, 337 So.2d 723, 724 (Miss. 1976). While we commend parents who do support their children while they are in school after they reach the age of twenty-one, we have stated that the law is that they are not required to do so. Rankin v. Bobo,410 So.2d 1326, 1328 (Miss. 1982).
In Duncan I, decided January 17, 1990, we held that William Duncan was not required to pay any child support after the child reached the age of twenty-one and that the chancellor erred in ordering him to continue payment. The child, born October 9, 1965, reached the age of twenty-one on October 9, 1986. Any payment to Marsha Harrell for and on behalf of the child under court order after that date is susceptible, pursuant to our holdings in Duncan I, to a legitimate claim for reimbursement from her. We stated that that was the law of the case in DuncanI; Duncan was not required to pay anything further, and the chancellor was in error in ordering him to do so. As a result of that holding, Duncan would be entitled to credit for those payments. For this Court to say now that he has to present sufficient and credible proof that the child support payments were used for Mrs. Harrell's own benefit, when there is no suggestion in the record before this Court that she used any portion of the payment for any purpose other than the proper one, and that Mrs. Harrell is not liable to William Duncan for any amount paid for Delita, begs the question. William Duncan was ordered by the lower court to continue paying because his child was in her fifth year of college. We said then that it was error and, therefore, wiped out that judgment. To say now he made those payments voluntarily is wrong.
I would commend those parents who have made payments to their children after they reach the age of twenty-one for the furtherance of their education. However, when a parent, who had been ordered by a chancellor to continue to pay after his child reached twenty-one, insists on his legal right, as in this case, then he is entitled to those rights as we have enumerated. He is not required to pay and is entitled to reimbursement from the person to whom he was ordered to pay, Marsha Trawick Duncan Harrell.
I agree with the majority that Marsha Harrell was entitled to amend her pleadings to bring in additional matters, as she was not precluded from doing so by our decision on January 17, 1990. This case cries out for an end to the litigation and, hopefully, by allowing the amendment to the pleadings, this case will eventually end, with both parties' rights being protected under the law.
DAN M. LEE, P.J., joins this opinion.