## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00064-SCT

*RONALD KENNETH VICE*

*v.*

*DEPARTMENT OF HUMAN SERVICES, STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/95 |
| TRIAL JUDGE: | HON. PAT WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | GARY DALE THRASH |
| ATTORNEY FOR APPELLEE: | HERMINE WELCH PEEL |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 11/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/1/97 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. In this case the Court considers the question of whether a statute of limitations bars the enforcement of a foreign child support judgment. Because we find that the time limitation was tolled during the minority of the children, we affirm the chancery court's disposition.

**I.**

¶2. Ronald Vice and Pamela Smith were divorced in Louisiana on April 9, 1981. They had two children, and Mr. Vice was subsequently ordered to pay child support of $200 per month beginning April 15, 1981. Ms. Smith eventually sued Mr. Vice in Louisiana for arrearage in child support for their two children, and a judgment was entered against him on April 2, 1987 for $14,000. Following his failure to pay that judgment, she filed a Uniform Reciprocal Enforcement of Support Action (hereinafter "URESA") in the Hinds County Chancery Court on November 22, 1994.[1]

¶3. On December 20, 1995, the chancery court entered a judgment against Ronald Vice for $17,042, the sum of his arrearage in child support payments.[2] This judgment was entered pursuant to a trial before a Family Master and, following Mr. Vice's objection to the Master's report, another trial

before the chancery court. Prior to the decision, Mr. Vice made an oral motion of an affirmative defense in which he argued that the 1987 Louisiana judgment was unenforceable in Mississippi because it was barred by the Mississippi statute of limitations, codified at Miss. Code Ann. § 15-1-45.

¶4. The trial court, adopting the recommendation of the Special Master, overruled the motion and entered a judgment against Mr. Vice in the amount of the full arrearage, enforcing the Louisiana judgment and adding on the arrearage that had subsequently accrued. In its Memorandum and Opinion which preceded the entry of judgment, the chancery court opined that Ms. Smith could choose to apply the law of Louisiana, the jurisdiction in which she resided during the period of the failure to pay the support, pursuant to Miss. Code Ann. § 93-11-15. The Louisiana statute of limitations on actions to enforce the unpaid child support was ten years from the entry of judgment, and thus her action would not have expired under this rule until April 2, 1997. La. Rev. Stat. Ann. § 3501.

¶5. The chancery court also noted that any statute of limitations was tolled during the period of the children's minority pursuant to Miss. Code Ann. § 15-1-45 since they could not have sued in the Mississippi chancery court during that period. Since the youngest child did not reach majority until July 18, 1992, Ms. Smith's filing suit in Mississippi in 1994 was nevertheless within the three year limitation that commenced at the time of the child's majority.

¶6. Mr. Vice presently appeals the judgment with respect to that portion which enforces the Louisiana judgment. He reiterates his contention that the statute of limitations precludes any enforcement of the Louisiana judgment in Mississippi:

> THE STATUTE OF LIMITATIONS IMPOSED BY § 15-1-45 MCA 1972 BARS THE ENFORCEMENT, IN MISSISSIPPI, OF A LOUISIANA JUDGMENT RENDERED AGAINST APPELLANT IN 1987 WHILE HE WAS A RESIDENT OF THE STATE OF MISSISSIPPI.

He does not appeal that portion of the final judgment that addressed his arrearage which accrued after the entry of the Louisiana judgment.

## II.

¶7. Miss. Code Ann. § 15-1-45 provides as follows:

> All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within three years next after the rendition thereof, and not after.[3]

¶8. As has been noted, Mr. Vice suggests that this provision precludes Ms. Smith's claim in Mississippi, since it was filed more than three years after the entry of the Louisiana judgment. He cites in further support of this position *Davis v. Davis,* 558 So. 2d 814 (Miss. 1990), in which this Court held § 15-1-45 applied to the enforcement of child support judgments that originally arose in

Texas.

¶9. In response, Ms. Smith (through the Mississippi Department of Human Services) argues that this statute is inapplicable, since Miss. Code Ann. § 93-11-15 provides that:

> Duties of support enforceable under this law are those imposed or imposeable under the laws of any state or jurisdiction where the alleged obligor was present during the period for which support commenced, at the election of the obligee. Awards of custody and orders regarding visitation rights are not contestable under the provisions of this law.

Ms. Smith argues that this section entitles her to elect to apply the Louisiana statute of limitations, which she did during the argument of the proceeding and presently reiterates in this appeal.

¶10. Alternatively, she argues that even if the Mississippi time bar applies, it was tolled during the children's minority pursuant to § 15-1-59, which provides that any person entitled to bring an action who is under the disability of infancy at the time at which the cause accrued may bring the action within the time bar after the removal of the disability. Since their youngest child reached majority (18 years in Louisiana) on July 18,1992,[4] Ms. Smith argues that her petition, filed in November 1994, was well within the statute of limitations, which did not terminate the cause of action until July 18, 1995.

**a.**

¶11. The Mississippi time bar governs this action. The plain text of the statute upon which Ms. Smith relies in asserting her option to utilize the Louisiana law speaks only to her option to choose the law in regard to assessing the obligor's *duties* of support to be imposed:

> *Duties* of support enforceable under this law are those imposed or imposeable under the laws of any state or jurisdiction where the alleged obligor was present during the period for which support commenced, at the election of the obligee . . . .

§ 93-11-15 (emphasis added).

¶12. The statute makes no mention of an obligee's option to choose a particular state's law regarding the *enforcement* of child support judgments. There is no caselaw that addresses whether this statute was intended to provide an obligee with the choice of law of enforcement of judgments, and we find plainly that the text of the statute does not do so on its face.

¶13. Thus, Miss. Code Ann. § 15-1-45, the Mississippi law regarding the enforcement of foreign judgments, controls this cause. That statute gave Ms. Smith three years from the rendition of the foreign child support judgment to seek its enforcement in this state, since Mr. Vice was a resident of Mississippi. ***Davis v. Davis,*** 558 So. 2d 814 (Miss. 1990) (applying time limitations of § 15-1-45 to judgments of unpaid child support which were rendered in Texas but eventually enrolled in Mississippi).

**b.**

¶14. Nonetheless, Ms. Smith correctly notes, and the chancery court correctly held, that the time in

which the suit to enforce the judgment could be filed was tolled by the minority of the parties' children pursuant to § 15-1-59. In **Wilson v. Wilson**, 464 So. 2d 496, 498-99 (Miss. 1985), this Court noted that where a minor holds the legal right, such as to child support from a parent, the statute of limitations does not begin to run until the disability of minority is removed.

¶15. Mr. Vice has replied to this argument that, even if the time bar was tolled during the minority of the children, the savings clause of § 15-1-59 does not save Ms. Smith's right to assert her children's claim because she was not under the disability of minority. Mr. Vice further asserts that any monies awarded to Ms. Smith at this point would constitute unjust enrichment since both of the children were emancipated at the time of the petition for enforcement.[5] Mr. Vice cites no authority for his first proposition, and indeed it is incorrect.

¶16. Our analysis in **Wilson** dictates a contrary result. In that case, this Court applied the savings clause to actions for unpaid child support, the result of which was to allow the mother of two emancipated children to enforce a judgment that held her former husband in contempt of his duty to pay support during the minority of the children. Neither child was a party to the contempt action against their children's father, although they both had been emancipated for three and five years, respectively, at the time their mother filed the contempt suit. The chancery court in that case had erroneously limited the mother's recovery to those monies that had accrued within seven years prior to the date on which she filed the contempt action, on the theory that the recovery of monies that had accrued in the thirteen years before that, during which support was due, was barred by the seven-year statute of limitations on enforcement of domestic judgments.

¶17. In reversing that holding, we noted that "the custodial parent is not a real party in interest sufficient to bar the child's recovery of past-due support payments." **Wilson**, 464 So. 2d at 499. Thus, we concluded that it would "defy reason" to allow the statute of limitations to run during the disability of the child. **Id.** at 498. In reversing the chancery court, we quite clearly affirmed the mother's standing to assert the child's claim to the past-due support payments, insofar as the claims were saved from any time bar in light of the disability-through-infancy provision of the savings clause. Miss. Code Ann. § 15-1-59. Thus, Mr. Vice's argument that the savings clause does not save Ms. Smith's right to assert her children's interest in the past-due support is without merit.

**c.**

¶18. Mr. Vice's second proposition, that Ms. Smith would be unjustly enriched by the enforcement of the Louisiana judgment, is also without merit. He relies upon the language of a special concurrence in **Williams v. Rembert,** 654 So. 2d 26 (Miss. 1995), wherein we expressed concern that a mother who was suing for child support arrearage ought not be unjustly enriched by receiving monies that accrued after the emancipation of the child in question. The mother in that case was suing for monies that had accrued after the child had allegedly moved out of her home, and this Court noted that "a parent's receipt of child support when the child [was] self-sufficient was unjust enrichment." **Id**. at 30. The case was remanded to the chancery court with an order to determine the date of the child's emancipation and to thereafter assess the appropriate amount of arrearage. The majority opinion did not address the standing of the child's mother to bring suit for the child support arrearage, but only addressed her interest in the monies that had accrued after the child's possible emancipation.

¶19. In a special concurrence joined in part by Justice Smith, then-Presiding Justice Lee noted that

the child support arrearage properly belonged to the child, not the mother who had brought the suit.[(6)] Chief Justice Lee opined that:

> By the time [the mother] brought this suit, [the child], had reached the age of twenty-one and was clearly emancipated. Consequently, ***under the facts of this case***, [the child] was the only party who could sue her father to collect back child support payments owed her.

*Id*. at 32 (emphasis original). Chief Justice Lee expressed concern that the child had not been joined in the lawsuit as a necessary party pursuant to Miss. R. Civ. P. 19.

¶20. Mr. Vice's reliance on this authority, however, is misplaced. In ***Williams***, the child's custodial parent was suing for arrearages that had accrued after the child left home and was possibly emancipated. The potential for unjust enrichment arose because the child's mother was seeking unpaid child support for a period of time in which it was unclear that she had actually been supporting the child, since the child had left home. In light of this concern, the cause was remanded for a determination of the date of the child's emancipation so as to properly assess the amount of the arrearage: "The record is simply devoid of any proof that [the mother] supported [the child] in any way after [the child] left [the mother]'s home." ***Id.***at 31 (Lee, P.J., specially concurring).

¶21. Here, in contrast, Ms. Smith is suing to enforce a judgment for child support arrearage that had accrued while the children were living with her between 1981, the date of the divorce and child support decree and 1987, the date of the Louisiana judgment. The fact that the children were emancipated at the time of the suit to enforce that judgment does not necessarily mean that Ms. Smith will be unjustly enriched by the enforcement of the $14,000 arrearage that the Louisiana court adjudicated against Mr. Vice in 1987. In ***Varner v. Varner,*** 588 So. 2d 428, 433 (Miss. 1991), this Court noted:

> That the child has been emancipated does not pretermit recovery of vested but unpaid child support. Either the child or the former custodial parent may bring an action against the defaulting parent, although the latter receives any recovery in his/her continuing fiduciary capacity subject to all of the duties and strictures thereof. If by reason of the supporting parent's default, the custodial parent is forced to dip into her own resources beyond what would otherwise be expected of her, she may recover and retain amounts so proved, subject to equitable adjustment should the child's prior needs so suggest.

***Id.*** at 433 (citations omitted). We also noted in that case that the mother, who was suing for unpaid child support, could recover on behalf of her children but must pay such recovery directly to them, "save only that she may reimburse herself for sums she may be able to prove she paid to or for her daughters during the months and years in issue over and above her own support obligations." ***Id.*** at 432; *see also* ***Wilson,*** 464 So. 2d at 499 (allowing mother to recover for total of unpaid child support that accrued while the children were in her custody and during their minority, where children had reached majority at time of her contempt action).

¶22. In light of this authority, Ms. Smith clearly has standing to lawfully sue to enforce the Louisiana judgment, which awarded her the child support that Mr. Vice failed to pay during a six-year period in which the children were both minors and living with her. Her recovery would not constitute any unjust enrichment in the manner that has previously alarmed this Court, since she was indeed

supporting the children during the entire period that the monies in the subject judgment accrued. We have plainly allowed parents to sue to obtain unpaid child support where the children have been emancipated at the time of the suit. *See, e.g., **Wilson,*** 464 So. 2d at 496; ***Varner,*** 588 So. 2d at 428.[7] The children in this case are not precluded from asserting a claim against Ms. Smith, following any recovery she may obtain, for monies that they feel are rightfully theirs. *See, e.g., **Trunzler*** , 431 So. 2d at 1116. Thus, we conclude that any recovery for Ms. Smith will not work any unjust enrichment and that her action is not thereby barred.

## CONCLUSION

¶23. We hold that the applicable statute of limitations was tolled during the minority of the parties' children, and thus had not expired at the time of Ms. Smith's claim. Furthermore, Ms. Smith was entitled to sue to enforce the judgment in her fiduciary capacity to their children's interest in the monies, since they had accrued while she was the custodial parent and during their minority. Thus, to the extent that the chancery court's decision relied upon this ground, it is affirmed.

**¶24. AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, ROBERTS, SMITH AND MILLS, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J.**

**DAN LEE, CHIEF JUSTICE, DISSENTING:**

¶25. Under the facts of this case, Ronald Vice's oral motion for an affirmative defense, arguing the Louisiana judgment for back child support was unenforceable in Mississippi because the filing of the judgment was barred by the Mississippi statute of limitations, should have been granted. The statute of limitations at issue is codified at Miss. Code Ann. § 15-1-45. In ***Davis v. Davis***, 558 So. 2d 814 (Miss. 1990), we discussed that Section of the Code, stating that "[t]he statute of limitations for filing a foreign judgment for enforcement in Mississippi is § 15-1-45, M.C.A. (1972): seven (7) years after the rendition of the judgment, or three (3) years if the judgment [was against] a resident of Mississippi . . . ." ***Id.*** at 817. There is no question as to Ronald's residency. At all relevant times he resided in Mississippi, thereby invoking the three-year statute of limitations. Pamela Danos Smith ("Pamela") did not file for enforcement of the foreign judgment within the prescribed three-year period; therefore, her filing for the enforcement of a foreign judgment is barred by the statute of limitations.

¶26. The majority attempts to make an argument for applying the savings clause codified at Miss.

Code Ann. § 15-1-59 to the instant case by misconstruing *Wilson v. Wilson*, 464 So. 2d 496 (Miss. 1985), a factually and statutorily dissimilar case. A close reading of this Section indicates otherwise:

> *If any person* entitled to bring any of the personal actions mentioned shall at the time at which the cause accrued, *be under disability of infancy or unsoundness of mind, he may bring the actions* within the times in this chapter respectively limited, after his disability shall be removed as provided by law.

Miss. Code Ann. § 15-1-59 (emphasis added). Clearly, the statute of limitation in Section 15-1-45 is tolled *only* for the one under disability: in the instant case, the emancipated children, Devon and Keely, not Pamela. Had the children filed for the enforcement of the foreign judgment, or had they been joined as necessary and proper parties by Pamela, pursuant to Miss. R. Civ. P. 19(a), the decision of the lower court would have been correct. Obviously, the children were not parties in the instant case; therefore, the decision of the lower court was incorrect.

¶27. For the foregoing reason, I would reverse. Accordingly, I respectfully dissent.

**McRAE, J., JOINS THIS OPINION.**

### McRAE, JUSTICE, DISSENTING:

¶28. I disagree with the majority's conclusion that the statute of limitations was tolled during the minority of the children. Were this action brought by either of the children against their father or had either child joined the mother in her effort to recoup support payments that should have been made during the years prior to their emancipation, the savings clause provided by Miss. Code Ann. § 15-1-59 (1995) would be applicable. Accordingly, I dissent.

**LEE, C.J., JOINS THIS OPINION.**

1. URESA is codified at §§ 93-11-1 through 93-11-63.

2. Mr. Vice conceded an additional $3,042 of arrearage since the entry of the Louisiana judgment in 1987, thus producing the judgment's total of $17,042.

3. Both parties agree that Mr. Vice was a resident of Mississippi at the time of the judgment.

4. Notwithstanding Ms. Smith's argument, the record is rather unclear about which of the parties' two children is the youngest. The age of Devon, the other child, is listed in the original URESA filing as May 15, 1975, which would make him younger than Keely (the other child), who was born on July 18, 1974. Keely, however, is identified in Mr. Vice's (the appellant's) reply brief as the parties' youngest child, which further states that both children had reached 21 years of age by the time that

the Mississippi suit was filed. Reply Brief of Appellant at 6. Keely is also identified in Ms. Smith's (the appellee's) brief as the youngest child. Brief of Appellee at 10. The chancery court did not address Devon's age in her order, and neither party noted it in the record of the hearing.

If the original URESA petition has the correct age, Devon's cause of action (or Ms. Smith's derivative cause of action as his mother) with regard to the arrearage adjudicated in the Louisiana judgment would not have expired until May 15, 1996, under the combined limitations of Miss. Code Ann. §§ 15-1-45 and 15-1-59 (statute of limitations on enforcement of foreign judgments and savings clause for infancy). If Keely is indeed the younger child, then it is not known whether Devon's cause of action (and Ms. Smith's derivative action) had expired at the time Ms. Smith filed the petition in Mississippi. In any event, Mr. Vice did not raise at the hearing below nor does he raise in this appeal any issue that the time bar precluded the claim with regard to Devon's portion of the child support, if not to Keely's portion.

5. One of the parties' children did live with Mr. Vice for some period of his childhood, but not during the time when these contested child support duties accrued.

6. This concurrence was not controlling, as the majority opinion was joined by six justices.

7. This Court has held that a custodial parent has no standing to bring an action or seek additional support for a child after the child attains majority, such as where the child is an incapacitated adult who cannot support himself. *See Taylor v. Taylor,* 478 So. 2d 310, 313 (Miss. 1985). We have also held that only the child (not a noncustodial parent) has standing to sue a custodial parent for an accounting of the appropriation of their child support monies. *See Trunzler v. Trunzler*, 431 So. 2d 1115, 1116 (Miss. 1983). In this case, of course, Ms. Smith is seeking to enforce a judgment of child support monies that accrued during the minority of the parties' children, an action that is well within her right.