485 So.2d 309 (1986)
R.C. CALTON
v.
Esther Irene CALTON.
No. 56477.
Supreme Court of Mississippi.
March 26, 1986.
Duncan Lott, Langston, Lott & Langston, Booneville, for appellant.
Thomas W. Comer, Jr., Comer & Jenkins, Booneville, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
Although other issues are involved, this appeal basically addresses the validity of a covenant not to sue executed between parents regarding child support. Esther Irene Calton filed suit to cite her exhusband R.C. Calton for contempt of court in the Chancery Court of Prentiss County for his nonpayment of child support. The trial court found the father in contempt and entered judgment against the appellant from which this appeal arises. The father/appellant assigns as error (1) the trial court's finding of willful contempt, and (2) the failure of the chancellor to hold this suit barred by the mother's execution of a document styled Covenant Not To Sue. This Court affirms the chancery court judgment.

*310 I.
Esther Irene and R.C. Calton were divorced on June 8, 1982, on the ground of irreconcilable differences. The divorce judgment recited that the parties had entered into a property settlement agreement on April 8, 1982, and that there was no dispute over property rights. The judgment of divorce further recited that the property settlement agreement was attached to the judgment and incorporated by reference into the judgment. However, in this record no document styled "Property Settlement Agreement" is attached to the judgment.
The judgment for divorce further ordered that custody of the two minor children be awarded to the mother and that the father pay $30.00 per week for child support.
There are, however, two other documents made a part of the transcript submitted in this Court. One document is a warranty deed dated April 6, 1985 for real estate from R.C. Calton to Esther Irene Calton wherein R.C. Calton agrees to pay the outstanding mortgages. The purported deed is not acknowledged, nor does it show recording data on the land records. The second document dated April 7, 1985 is entitled Covenant Not to Sue and is signed and acknowledged by Esther Irene Calton in favor of R.C. Calton. The contract recites that, in consideration of the execution of a warranty deed to 1 and 3/8 acres with a dwelling from R.C. Calton, Mrs. Esther Irene Calton agrees not to sue for child support for the two minor children of the parties. Neither of these last two documents were identified as exhibits in the trial court, nor is there attached the transcript of the testimony heard by the court.

II.
The first question addressed by this appeal is the propriety of a covenant not to sue for child support.
It is the position of the appellant that the purported deed and covenant not to sue were contractual agreements based upon good and sufficient consideration. In essence, appellant contends a prepayment of child support and supports his argument with authority from other jurisdictions. Potts v. Superior Court of Los Angeles County, 229 Cal. App.2d 692, 40 Cal. Rptr. 521 (1964); Hill v. Hill, 106 Colo. 492, 107 P.2d 597 (1940).
However, this jurisdiction has held that a child support judgment is awarded to the custodial parent for the benefit and protection of the child, the underlying principle being the legal duty owed to the child for the child's maintenance and best interest. Wilson v. Wilson, 464 So.2d 496 (Miss. 1985), Hailey v. Holden, 457 So.2d 947 (Miss. 1984). There is a fiduciary relationship owed to the child by the custodial parent. Wilson, supra, Trunzler v. Trunzler, 431 So.2d 1115, 1116 (Miss. 1983). The duty to support children is a continuing duty on both parents and is a vested right of the child. Wilson, supra, Simpson v. Rast, 258 So.2d 233 (Miss. 1972).
Applying these stated principles to the case, it follows that parents cannot contract away rights vested in minor children. Such a contract would be void as against public policy.
[P]ublic policy, for the good of society, will not permit or allow the father to irrevocably divest himself of [the obligations to nurture, support, educate, and protect his child] or to abandon them at his mere will or pleasure. Ciociola v. Ciociola, 302 So.2d 462, 464 (Fla.3d DCA 1974).
To like effect is the decision in Lang v. Lang, 252 So.2d 809, 812 (Fla. 4th DCA 1971), holding:
"[T]he basic right of the minor child to be supported by its parents is not affected by an agreement between the parties with respect to such obligations; `children are not chattels whose rights can be bargained away by parents'; such agreements will be evaluated with the best interest of the child as its criteria." Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979).
*311 Further, the parents cannot by contract alter a court judgment entered for the benefit of a minor, for only the court granting such judgment can alter such a judgment.
It therefore follows that the chancellor was correct in finding no validity to the defense that the covenant barred this contempt suit and ordering a judgment for the past due arrearage of $3,000.00.

III.
This Court by necessity addresses another facet of this appeal. The record before this Court consists only of the pleadings and the two purported exhibits, to-wit: the unacknowledged warranty deed and the covenant not to sue. No explanation appears for the lack of testimony.
In Fontaine v. Pickle, 254 So.2d 769 (Miss. 1971), this Court stated:
The only error assigned by the appellant was a question of fact decided by the trial court, and in the absence of a transcript of the evidence, the rule is well settled that we, as a reviewing court, must presume that the evidence was sufficient to support the final decree; therefore, the case is affirmed. Citing Harvey v. Dunaway Brothers, 232 Miss. 89, 98 So.2d 143 (Miss. 1975).
This Court cannot speculate as to whether the trial court was presented the property settlement agreement referred to in the judgment of divorce, or whether the covenant not to sue was that agreement. For this additional reason, this Court affirms the chancellor's finding.

IV.
Appellee moved this Court for the allowance of attorney's fees for this appeal which is allowed in the amount of $125.00, being the same amount allowed by the trial court for the trial below. This Court allows the same amount in view of the small fee allowed by the trial court.
This appeal to this Court is with supersedeas. The Court allows the statutory penalty under Miss. Code Ann. § 75-17-7 (1972) together with interest on the delinquent court ordered child support payment from the due date of each unpaid support payment. Brand v. Brand, 482 So.2d 236 (Miss. 1986).
Finding no merit to the assigned errors of this appeal, this Court affirms the chancery court.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.