789 So.2d 822 (2001)
Dian WESTON, Appellant,
v.
Gary MOUNTS, Appellee.
No. 1999-CA-01766-COA.
Court of Appeals of Mississippi.
June 26, 2001.
*824 William Charles Bell, Ridgeland, Attorney for Appellant.
Minor F. Buchanan, Jackson, Attorney for Appellee.
Before KING, P.J., PAYNE, and MYERS, JJ.
KING, P.J., for the court:
¶ 1. On July 18, 1994, Dian Weston was granted a divorce from Gary Mounts on the ground of adultery. The Madison County Chancery Court awarded Weston periodic alimony, child support, attorney's fees, court costs and other expenses. Weston filed a petition for modification of the final judgment and to find Mounts in contempt for failure to abide by various court orders. In a final order entered on June 21, 1999, the chancellor denied her requests for attorney's fees, court costs and foreclosure costs. Aggrieved by the chancellor's ruling, Weston has appealed and raised three points of error, which she states as follows: (1) whether the chancellor erred as a matter of law in granting Gary Mounts and his estate an equity interest in Dian Weston's homestead property; (2) whether the chancellor should have found Gary Mounts in contempt of court; and (3) whether the chancellor should have ordered Gary Mounts to pay Dian Weston's attorney's fees, costs and foreclosure costs.
¶ 2. Mounts has also appealed, raising the following issues: (1) whether the lower court erred in not reducing the monthly alimony or mortgage obligations of Gary Mounts; (2) whether the lower court erred in ordering the sale of the subject property to appellee without awarding him 100% of the equity therein and also terminating the mortgage payment obligation; (3) whether the lower court erred in charging household maintenance items against the equity of Gary Mounts; (4) whether the lower court erred in admitting hearsay evidence presented on behalf of the appellant, Dian Weston; and (5) whether the lower court erred in not awarding Gary Mounts attorney's fees and court costs.
¶ 3. Finding no prejudicial error, this Court affirms on direct and cross-appeal.

FACTS
¶ 4. Dian Weston and Gary Mounts were married on December 12, 1975, and separated January 21, 1993. The couple had one child, born on June 30, 1978. On March 31, 1993, Weston filed a complaint for divorce alleging adultery or, alternatively, *825 irreconcilable differences. In his cross-complaint for divorce, Mounts alleged habitual cruel and inhuman treatment or, alternatively, irreconcilable differences. Both parties requested custody of the minor child.
¶ 5. On July 18, 1994, the chancellor dismissed Mounts' counter-claim for divorce for lack of proof, granted Weston a divorce on the ground of adultery, and awarded her custody of the couple's minor child. The chancellor ordered Mounts to: (1) pay child support in the amount of $650 per month; (2) maintain major medical insurance and a life insurance policy for the benefit of the minor child; (3) pay all college expenses for the child; (4) pay Weston $1200 per month periodic alimony and $822 for the monthly mortgage on the residence; (5) pay Weston half of the proceeds from his retirement plan; (6) pay Weston half of the proceeds from the sale of a 1955 Thunderbird; and (7) pay attorney's fees in the amount of $2500 and all court costs.
¶ 6. On September 12, 1994, Weston filed a contempt action against Mounts alleging that he failed to pay child support, alimony, attorney's fees, and the remaining balance due from the sale of the 1955 Thunderbird. After learning that the child had been living with Mounts since August 18, 1994, the court, on its own motion, modified the divorce decree. The court terminated Mounts' obligation of child support and gave him physical custody of the minor child, but awarded no child support. The court held him in contempt and ordered him to pay Weston $14,091.62, which represented an arrearage for all sums of money ordered payable to Weston by the chancellor in his divorce decree, plus attorney's fees and court costs.
¶ 7. On January 12, 1995, Mounts requested that the court reconsider its refusal to order a reduction in alimony. Weston responded with a second petition to cite Mounts with contempt. The parties entered into an agreed judgment which dismissed the motion to reconsider, and required Mounts to pay a total of $20,419.28 in delinquent alimony and support. Attorney's fees and court costs totaling $917 were also assessed against Mounts.
¶ 8. On September 5, 1995, Mounts, citing financial problems, sought a modification of his court ordered obligations. While holding that Mounts' financial problems were largely of his own making, the chancellor reduced his monthly alimony payments by $200.
¶ 9. On July 31, 1998, Weston requested a modification of the final judgment and that Mounts be held in contempt. She requested additional money due to the increase in the mortgage payment, a renewal of the balloon mortgage before December 1998 and attorney's fees. After an October 6, 1998 hearing, the chancellor entered an order which required Weston to obtain financing of the home solely in her name and to get an appraisal of the home. Mounts' obligation for the mortgage increases was deemed satisfied for the months of October and November 1998 and his obligation to pay college expenses was terminated. The chancellor then defined all mortgage payments as alimony for Weston's benefit.
¶ 10. On January 25, 1999, the court determined Mounts' interest in the family home to be worth $26,500. It directed that this interest be transferred to Weston, who was to pay Mounts $205 per month for 25 years. This payment of $205 per month was to be accomplished by a reduction of $205 per month in the mortgage (alimony) payment to be made by Mounts. The court ordered Mounts to pay the existing debt on three credit cards held by him and to hold Weston harmless *826 for the same. Weston was ordered to show proof of payment for the repair and maintenance on the home. Both parties were ordered to pay half the foreclosure costs on the property and half the closing costs for refinancing the property.
¶ 11. On January 25, 1999, Weston requested reconsideration and clarification of the final order. In an order dated June 21, 1999, the court held both parties responsible for half the foreclosure costs and Weston responsible for all of the closing costs. The court held that should Mounts die before the purchase of his equity in the family home was completed, the remaining interest would be payable to his estate. Weston's request for attorney's fees and court costs were denied as was Mounts' request for a reduction in alimony.
¶ 12. Finally, the court found that all previous and future mortgage payments made by Mounts be considered periodic alimony.

ISSUES AND ANALYSIS

I.

Whether the chancellor erred as a matter of law in granting Gary Mounts and his estate an equity interest in Dian Weston's homestead property?
¶ 13. Weston argues that the chancellor gave Mounts and his estate an equity interest in her homestead. The record before this Court does not support that argument. The record indicates that as a part of the division of marital property, Weston was granted sole ownership of the marital home. In exchange for that ownership, Mounts was to be paid $26,500. The court provided that if Mounts died prior to receipt of this $26,500, then his estate would be entitled to any unpaid balance.
¶ 14. When reviewing matters of property division and distribution in divorce cases, this Court employs a limited standard of review. Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997). The division and distribution of marital property "will be upheld if supported by substantial credible evidence." Carrow v. Carrow, 642 So.2d 901, 904 (Miss.1994).
¶ 15. We find that there is substantial credible evidence contained in the record to support the chancellor's findings of fact and division and distribution of the marital property. We find neither an abuse of discretion nor manifest error in the chancellor's decision.

II.

Whether the chancellor should have found Gary Mounts in contempt of court.
¶ 16. On July 31, 1998, Weston filed a petition which indicated its purpose was to have the court modify the final judgment of divorce and to find Mounts in contempt. Within the petition, Weston makes general allegations of lack of good faith, but does not specifically state how Mounts has engaged in contemptuous behavior, nor does she request as relief that Mounts be found in contempt. Normally, the failure to allege specific acts of contempt and request relief would preclude the granting of relief. Grace v. State, 108 Miss. 767, 67 So. 212, 213 (1915). However, it appears that this issue may have been submitted to the chancellor for resolution by mutual consent.
¶ 17. Contempt matters are committed to the sound discretion of the trial court, and this Court will not reverse where the chancellor's findings are supported by substantial credible evidence. Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss.1991). A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). A citation for contempt is proper when "the contemner has willfully and deliberately *827 ignored the order of the court." Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss. 1997).
¶ 18. Weston's primary complaint on the contempt issue appears to center on the increase in the monthly mortgage payment and the refinancing of the mortgage. During an October 6, 1998 hearing on the petition, the chancellor directed Mounts to pay the amount due for the mortgage increase for the months of October and November. In a written order filed a month later, the chancellor determined that Mounts had satisfied that obligation for the months of October and November 1998. Any claim for contempt was diminished by the chancellor's ruling on this matter. The chancellor then ordered Weston to get an appraisal of the marital residence to establish the equities of the parties and to obtain financing of the property in her name.
¶ 19. Our review of the chancery court's order, following Weston's July 31, 1998 petition, fails to reveal any factual findings unsupported by substantial evidence, nor can we conclude that the chancellor abused his discretion. This Court finds that the chancery court's failure to cite Mounts for contempt was not an abuse of discretion or unsupported by substantial evidence.

III.

Whether the chancellor erred by not ordering Mounts to pay Dian Weston's attorney's fees, costs and foreclosure costs?
¶ 20. In this assignment of error, Weston argues that because Mounts admitted that he was in contempt of court in December 1998 for allowing the mortgage to go into foreclosure, she is entitled to attorney's fees, court costs and foreclosure costs. Weston contends that, as the prevailing party in the contempt action, she should have received attorney's fees. She further asserts that there was no evidence to support the chancellor's denial of her request for these fees.
¶ 21. The award of attorney's fees and court costs is a matter within the sound discretion of the trial court. Kergosien v. Kergosien, 471 So.2d 1206, 1207 (Miss.1985). The Mississippi Supreme Court has held that "[i]t is an abuse of discretion of a trial court to award costs and attorney's fees without a showing that one party is unable to pay the fees in question." Heigle v. Heigle, 771 So.2d 341 (¶ 41) (Miss.2000) (citing Hankins v. Hankins, 729 So.2d 1283 (¶ 13) (Miss.1999)) (citations omitted). "When the court denies a spouse's petition for contempt, no award of attorney's fees is warranted." Varner v. Varner, 666 So.2d 493, 497 (Miss.1995) (quoting Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss.1990)). Weston did not prevail on the contempt citation and was therefore not entitled to an award of attorney's fees. Cumberland, 564 So.2d at 845.
¶ 22. The chancellor enjoys substantial deference in his decision as to attorney's fees, and we will not reverse the decision of a chancellor regarding attorney's fees where he has not abused his discretion or committed manifest error. Setser v. Piazza, 644 So.2d 1211, 1216 (Miss.1994). There was no evidence of Weston's inability to pay her attorney fees or court costs. Accordingly, this Court finds no abuse of discretion on this issue and affirms the chancellor's order denying Weston's request for attorney fees, court costs and foreclosure costs.

MOUNTS' CROSS-APPEAL

I.

Whether the lower court erred in not reducing the monthly alimony and mortgage obligations of Gary Mounts?
¶ 23. Mounts first petitioned the court for a reduction of his alimony payments *828 on January 12, 1995, alleging an inability to pay the amount set by the court. This reduction was denied. There were several subsequent reduction requests, which resulted in a $200 per month alimony reduction on January 12, 1996. This reduction was granted notwithstanding the court's finding that Mounts had voluntarily caused a material change in circumstances, which had a negative impact upon his ability to meet his obligations. After this modification, the court denied Mounts' request for additional reductions
¶ 24. The court noted that Mounts had had an increase in income, been relieved of the obligation to pay college expenses and had reduced by $205 per month, the amount he was required to pay on the home mortgage. The grant or reduction of alimony and other support is reviewed on an abuse of discretion standard. Box v. Box, 622 So.2d 284, 290 (Miss.1993). Where the chancellor's actions are supported by substantial credible evidence, and a correct application of the law, we will not reverse.
¶ 25. We find that there is credible substantial evidence in the record to support the chancellor's actions. In the absence of proof that the chancellor abused his discretion in setting the economic awards, this Court declines to reverse.

II.

Whether the lower court erred in ordering the sale of the subject property to appellee without awarding him 100% of the equity therein and also terminating the mortgage payment obligation?
¶ 26. Mounts suggests that the chancellor abused his discretion in directing transfer of the marital home to Weston. Mounts suggests that he was entitled to all of the equity in the marital home, and to be relieved of his support obligations.
¶ 27. Having determined in our review of Weston's first issue that the chancellor's division and distribution of the marital home was proper, we find this issue to be moot.

III.

Whether the lower court erred in charging household maintenance items against the equity of Gary Mounts?
¶ 28. The authority to distribute marital property includes the right to also apportion the costs and charges related to that property. As noted above, this Court finds no abuse of discretion in the exercise of that authority.

IV.

Whether the lower court erred in admitting hearsay evidence presented on behalf of the appellant, Dian Weston?
¶ 29. Mounts contends that the invoices and receipts Weston submitted to support her request for half of the maintenance expenses were poor copies and amounted to inadmissible hearsay.
¶ 30. During a January 25, 1999 hearing, which was continued from October 6, 1998, on Weston's petition for modification of final judgment and to hold respondent in contempt, Mounts objected to several receipts and invoices Weston submitted to show proof of payment for maintenance on the home. Mounts objected based on the quality of the copies Weston submitted and because the receipts on the paint job were in the form of estimates. *829 Mounts again objected to the invoices and receipts in a hearing held on May 24, 1999, based on an improper predicate. The chancellor directed Weston to produce cancelled checks to show proof of payment. After the May 24, 1999 hearing, Weston provided the court with copies of cancelled checks as proof of payment for the improvements on the home. Mounts' real issue was best evidence rather than hearsay, which goes to the weight of the evidence as opposed to the admissibility. The chancellor, as trier of fact, determines the weight and credibility to be accorded evidence. Sproles v. Sproles, 782 So.2d 742 (¶ 36) (Miss.2001) (citing Ellis v. Ellis, 248 Miss. 483, 160 So.2d 904, 907-08 (1964)). We, therefore, find no merit to this issue.

V.

Whether the lower court erred in not awarding Gary Mounts attorney's fees and court costs.
¶ 31. Mounts contends that he should have received an award of attorney's fees when considering his financial status and Weston's continued litigious nature in this case. However, Mounts failed to present evidence of his inability to pay attorney's fees. Additionally, the record would seem to suggest that Mounts was equally litigious. We, therefore, affirm the chancellor's denial of attorney's fees.
¶ 32. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.