845 So.2d 709 (2003)
Robert W. WILES, Jr., Appellant,
v.
Deonne K. WILLIAMS, Appellee.
No. 2001-CA-01373-COA.
Court of Appeals of Mississippi.
April 29, 2003.
*710 J. Mark Shelton, Tupelo, Heather Boren Emerson, attorneys for appellant.
Raymond G. O'Neal, Fulton, attorney for appellee.
EN BANC.
IRVING, J., for the court.
¶ 1. The Chancery Court of Itawamba County rendered a $13,368.50 judgment against Robert Wiles, Jr. in favor of his ex-wife, Deonne K. Williams. Feeling aggrieved, Robert has appealed and argues the following issues which we quote verbatim:
A. The chancellor's order denying petitioner's request to retroactively modify child support based on the emancipation of the children was in error.
B. The chancellor's order denying petitioner's request to apply credit to any arrearage for the amounts petitioner paid directly to the children or directly for the benefit of the children was in error.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. Robert and Deonne were divorced in April of 1988. The parties have two children: Amanda whose birth date is July 12, 1979, and Robert, III(BJ) whose birth date is July 8, 1982. The final judgment of divorce provided in paragraph 4 that:
Robert Wiles, Jr., hereby is ordered to pay Deonne Wiles the sum of $350 per month as child support and maintenance of the parties' minor children.... until each of the minor children have [sic] attained the age of eighteen (18) years. Should the minor children elect to attend college, then Robert Wiles, Jr., is hereby ordered to pay to each child the sum of $175 per month for the use and benefit of college tuition, books and necessary living expenses while each such child is attending college.
Other provisions of the final judgment ordered both parties to pay one-half of a reasonable amount for school clothing. Robert was ordered to maintain medical insurance on the children with both parties paying one-half of all medical, dental, hospital, and drug expenses not covered by the insurance.
¶ 4. Robert paid child support every month from February 1988 until January 1996. In January 1996, Amanda got married. The next month following Amanda's *711 marriage, Robert began paying half the amount ordered for child support. In July of 2000, BJ moved out of his mother's house and began full-time employment.
¶ 5. Deonne sued Robert for contempt, past-due child support, medical, and dental bills. Robert responded by filing a petition for adjudication of emancipation and determination of child support arrearage. In his petition, Robert sought credit for money, over and beyond the court-ordered child support, that he gave directly to his children. Specifically, Robert wanted credit for vehicles that he had purchased for his children.
¶ 6. During the course of the proceedings, Robert and Deonne stipulated that Amanda became emancipated on January 2, 1996, when she got married and that BJ became emancipated on July 8, 2000. The remaining issues were decided by the chancellor.
¶ 7. The chancellor determined that the additional monies given directly to or on behalf of the children were expenditures which any normal father should make for his children, and for which Robert would not be entitled to receive any credit towards child support. In regards to the medical and dental expenses, the chancellor ordered Robert to pay $754 to Deonne which was half of the amount she incurred on behalf of the children.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Retroactive Modification of Child Support
¶ 8. Robert argues that it was error for the chancellor to refuse to retroactively modify child support and arrearage based on the emancipation of Amanda. He contends that the award of arrearage to Deonne creates a circumstance of unjust enrichment to her. He explains that Deonne only had BJ and not Amanda in the home with her when the majority of the arrearage accrued.
¶ 9. The standard of review in domestic relations case is well settled in the areas of divorce, alimony and child support. An appellate court is required to respect the findings of facts made by a chancellor if they are supported by credible evidence and are not manifestly wrong or clearly erroneous, provided that the proper legal standard was applied. Sumrall v. Munguia, 757 So.2d 279, 282 (¶ 12) (Miss.2000).
¶ 10. The issue presented before this Court is one that has been previously addressed in Mississippi case law. Essentially the issue is whether the emancipation of one or more of multiple children being supported by a child support decree entitles a parent or chancellor to retroactively reduce child support payment for the remaining children. See Nichols v. Tedder, 547 So.2d 766 (Miss.1989); Dept. of Human Servs. v. Fillingane, 761 So.2d 869 (Miss.2000).
¶ 11. When a parent is ordered to pay a specified amount periodically for the benefit of more than one child, the emancipation of one child does not automatically reduce the liability of the parent for the full amount. Schilling v. Schilling, 452 So.2d 834, 836 (Miss.1984).
¶ 12. Robert admitted that after Amanda got married, he, on his own volition, reduced by one half the amount of child support he was ordered to pay. Robert's liability was not automatically reduced with Amanda's emancipation. The final judgment in this case does not provide for an automatic reduction in child support upon one child being emancipated. Quite the contrary, the judgment provides that the support shall be paid "until each of the minor children have [sic] attained the age *712 of eighteen (18) years." Robert should have filed a petition to modify child support instead of unilaterally reducing his support payments.
¶ 13. Notwithstanding our pronouncement that Robert should have sought a modification of the support order, we are cognizant that a failure to seek a modification of a support order is not fatal in all circumstances. A court of equity may give credit to the non-custodial parent if the facts and circumstances warrant it. Alexander v. Alexander, 494 So.2d 365, 367 (Miss.1986). In this case, however, the chancellor determined that no credit or relief was warranted. We cannot say that this decision was clearly erroneous.
¶ 14. Robert also seems to argue that the chancellor ordered him to pay child support for BJ after BJ was emancipated. Our review of the record indicates that is not the case. The chancellor specifically found:
The credible proof established through the testimony of Jeff Skinner, an attorney with the Department of Human Services, that as of May of 2000, Robert Wiles, Jr. is in arrears in his child support payments to Deonne K. Williams in the amount of $12,614.
The parties stipulated that BJ did not become emancipated until July 8, 2000.
¶ 15. Lastly, Robert contends that the chancellor erred in not giving him credit for monies that Robert paid directly to or for the benefit of the children. Robert testified that he provided additional financial support beyond child support payments such as purchasing each child their own vehicle as well as giving them extra money directly. Moreover, Robert asserts that Deonne waited four years to bring her contempt action and should be barred from seeking and receiving such arrearage. Conversely, Deonne argues that Robert is not entitled to equity since he has unclean hands by unilaterally reducing the child support payments.
¶ 16. As we have discussed earlier, the chancellor found that the expenditures Robert seeks credit for are those "which any normal father should make for his children, notwithstanding his court-ordered support obligations." Following our standard of review, we do not find this finding to be manifestly wrong, clearly erroneous or that an erroneous legal standard was applied; therefore, we do not disturb this finding.
¶ 17. The issue regarding the length of time for bringing a contempt action for arrearage was addressed by the Mississippi Supreme Court in Varner v. Varner, 588 So.2d 428 (Miss.1991). There the court held that "claims for back child support may be brought at any time within seven years of the child's emancipation." Id. at 432. Amanda was emancipated in January 1996. However, BJ was not emancipated until July 8, 2000. The petition for contempt was filed in April 2000. Thus, it was filed well within the time frame enunciated by the Varner court.
¶ 18. Finding no reversible error committed by the chancellor on any issue, we affirm.
¶ 19. THE JUDGMENT OF THE ITAWAMBA COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY PENALTIES AND INTEREST ARE ASSESSED AGAINST THE APPELLANT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR.
GRIFFIS, J., NOT PARTICIPATING.