915 So.2d 493 (2005)
Arthur Stephen OWEN, Appellant
v.
Valerie King WILKINSON, Appellee.
No. 2004-CA-01659-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*494 Wren Carroll Way, Vicksburg, attorney for appellant.
Rosalind Hayden Jordan, Jackson, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. In 1989, the County Court of Hinds County, First Judicial District, adjudicated Arthur Stephen Owen the natural father of Ryan E. King. Arthur was ordered to pay child support until Ryan reached the age of sixteen. Shortly before Ryan reached his sixteenth birthday, Valerie King Wilkinson, Ryan's mother, sought to have the order modified to extend support to age twenty-one. The chancellor extended the term of child support until Ryan became twenty-one and ordered Arthur to pay one-half of Ryan's medical and dental expenses not covered by insurance.
¶ 2. Arthur appeals and argues that the chancellor erred in modifying the order of the county court.
¶ 3. Finding no error, we affirm the chancellor's ruling.

FACTS
¶ 4. On May 12, 1987, Valerie King Wilkinson gave birth to Ryan E. King. Two years later, Valerie, as Ryan's mother and next friend, filed a complaint for paternity, seeking to establish Arthur Stephen Owen as Ryan's natural father. Arthur filed an answer in which he denied that he was Ryan's father. After a jury trial, Arthur was found to be Ryan's natural father.
¶ 5. Valerie also filed a motion for order of filiation, seeking child support from Arthur. A bench trial was held, and the county court judge ordered Arthur to pay $250 per month in child support until Ryan reached the age of sixteen. At that time, Valerie's attorney advised the judge that the age of majority with respect to child *495 support was twenty-one; however, the judge refused to alter the ruling. As a result, Valerie's attorney advised her that she would have to seek a modification of the order to extend child support until Ryan attained age twenty-one.
¶ 6. In April 2003, Arthur reminded Valerie that he would cease to pay child support once Ryan turned sixteen on May 12, 2003. Valerie immediately filed a motion to transfer jurisdiction to the Chancery Court of the First Judicial District of Hinds County. After the transfer, Valerie filed a petition to clarify and for modification of the order, seeking an order requiring Arthur to pay child support until Ryan became twenty-one and to pay one-half of Ryan's medical and dental expenses not covered by insurance. After reviewing the pleadings and briefs submitted by the parties, the chancellor rendered an opinion, ordering Arthur to continue to pay $250 per month until Ryan reached the age of twenty-one. The chancellor further ordered Arthur to pay one-half of Ryan's medical and dental expenses not covered by insurance.

STANDARD OF REVIEW
¶ 7. In domestic relations cases, we may reverse a chancellor's findings of fact only when there is no "substantial credible evidence in the record" to justify his findings. Jundoosing v. Jundoosing, 826 So.2d 85, 88(¶ 10) (Miss.2002) (citing Henderson v. Henderson, 757 So.2d 285, 289(¶ 19) (Miss.2000)). "Our scope of review in domestic relations matters is limited under the familiar rule that we will not disturb a chancellor's findings unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard." Id. (citing McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994)).

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. Mississippi Code Annotated section 93-5-23 (Rev.2004) states in pertinent part:
The duty of support of a child terminates upon the emancipation of the child. The court may determine that emancipation has occurred and no other support obligation exists when the child:
(a) attains the age of twenty-one (21) years, or
(b) marries, or
(c) discontinues full-time enrollment in school and obtains full-time employment prior to attaining the age of twenty-one (21) years, or
(d) voluntarily moves from the home of the custodial parent or guardian and establishes independent living arrangements and obtains full-time employment prior to attaining the age of twenty-one (21) years.
MISS.CODE ANN. § 93-5-23 (Rev.2004). The statute clearly mandates that child support continues until a child attains the age of twenty-one or is otherwise emancipated. The original order of the county court improperly terminated support when Ryan reached sixteen years of age.
¶ 9. The record unequivocally shows that Ryan has not reached twenty-one years of age, and nothing in the record indicates that Ryan has met either of the statutory legal requirements for emancipation. Therefore, the provision in the original order of the county court terminating child support when Ryan attained the age of sixteen years was void as a matter of law. Accordingly, we find that the chancellor did not err in modifying the order to extend child support until Ryan attained the age of twenty-one years.
¶ 10. Arthur urges us to deny relief to Valerie, and cites the doctrine of *496 laches[1] and lack of diligence on Valerie's part in support of his argument. We decline to do so because we are mindful of the fact that "[c]ourts award child support to the custodial parent for the benefit and protection of the child. . . . Such benefits belong to the child, and the custodial parent has a fiduciary duty to hold them for use of the child." Varner v. Varner, 588 So.2d 428, 432 (Miss.1991). "The duty to support children is a continuing duty on both parents and is a vested right of the child." Calton v. Calton, 485 So.2d 309, 310 (Miss.1986). Applying these stated principles, the Mississippi Supreme Court has held that parents cannot contract away rights vested in minor children. Lawrence v. Lawrence, 574 So.2d 1376, 1381 (Miss.1991). Also applying these principles, it logically follows that a parent may not give away or forfeit a right vested in a minor child by failure to act in a prompt manner. In fact, our supreme court has stated, "[t]o bar the child because of a parent's failure to timely assert the child's claim for support is to deprive the child of that support which belongs to him for reasons over which he has no control." Wilson v. Wilson, 464 So.2d 496, 499 (Miss.1985). Even if we were to hold that Valerie is estopped from bringing the action, child support may still be viably pursued by Ryan under Mississippi law.

CONCLUSION
¶ 11. For the reasons discussed above, we find that the chancellor did not error in modifying the order to extend child support until Ryan attained the age of twenty-one. The chancellor properly modified the order to conform to the dictates of Mississippi child support law.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Laches is defined as "neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity." BLACKS LAW DICTIONARY 875 (6th ed.1990).