[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 3 
¶ 1. David Strack was found in contempt for failure to pay child support and maintain health and life insurance as required by his divorce decree. Aggrieved by this David appeals and raises the following issues on appeal:
 1. THE CHANCELLOR'S FINDING OF CONTEMPT IS MANIFESTLY WRONG;
 2. THE CHANCELLOR ERRED WHEN HE FAILED TO GIVE DAVID STRACK A CREDIT FOR EACH MONTH THE PLAINTIFFS, MOLLIE, NIKI, AND CHRISSY RESIDED IN HIS MOBILE HOME. THE JUDGMENT OF THE TRIAL COURT RESULTED IN UNJUST ENRICHMENT TO THE PLAINTIFFS;
 3. THE CHANCELLOR ERRED IN AWARDING THE PLAINTIFF, MOLLIE, ANY SUMS FOR CHILD SUPPORT AS THE CHILDREN WERE PARTIES AND ERRED IN NOT MAKING AN ALLOCATION OF SUPPORT OWED;
 4. THE CHANCELLOR ERRED IN FINDING THAT THE STATUTE OF LIMITATIONS DID NOT APPLY BECAUSE THE CLAIM WAS BROUGHT WITHIN SEVEN YEARS OF THE YOUNGEST CHILD'S EMANCIPATION;
 5. THE TRIAL COURT ERRED IN ITS AWARD OF THE MEDICAL BILLS TO MOLLIE BASED ON CHRISSY'S EMANCIPATION; AND
 6. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS AWARD OF ATTORNEY'S FEES TO THE PLAINTIFF, MOLLIE STRACK STICKLIN, IN THE AMOUNT OF $7,151.
 ¶ 2. Finding no error, we affirm.
 FACTS ¶ 3. David and Mollie were married on December 5, 1970, and had three daughters: Stacy, born February 1, 1972[1], Niki, born July 21, 1978, and Chrissy, born May 17, 1980. David and Mollie were divorced on June 8, 1990, in Harrison County, Mississippi. In the divorce, the parties agreed (1) to joint custody, with Mollie having the physical custody, (2) that David would pay "global" or lump sum support of $300 per month, and (3) that David would maintain health and life insurance for the children. *Page 4 
At the time of the divorce, David was employed by Mississippi Power Company and maintained health and life insurance for the children through Mississippi Power Company.
 ¶ 4. In 1996 David resigned his employment with Mississippi Power Company. When he resigned from that position, all health and life insurance policies involving the children ceased. Also in 1996 David married his present wife, Janice Strack, and moved to Hattiesburg.
 ¶ 5. In August of 1992, Mollie filed an application for disability benefits with the Social Security Administration on behalf of Chrissy, who was born with birth defects. Chrissy began receiving the benefits in 1992. Sometime after May 2000, Chrissy had to undergo surgery and related care as a result of her birth defects.
 ¶ 6. Sometime after the divorce, Mollie and the children moved to Hattiesburg and then Seminary. While living in Seminary, Niki gave birth to her first child in January 1995, and was married on October 21, 1995. It is disputed where Mollie, Niki, and Chrissy lived between 1995 and 1997. On November 7, 1997, Mollie married her present husband, James Sticklin. At the time of trial, she lived in Utica,
 ¶ 7. Sometime in 1997, David's trailer was moved from Saucier to Seminary and placed on land which he owned. The trailer was occupied by Niki and her family, and Chrissy, who had recently stopped attending school. David was not paid rent for the trailer.
 ¶ 8. On September 3, 2002, Mollie, Niki, and Chrissy filed a complaint for contempt against David alleging that he failed to make any child support payments, and that he also failed to maintain health and life insurance as ordered on June 8, 1990. A hearing was held on March 11, 2004, in the Harrison County Chancery Court. On November 10, 2004, the court found David in contempt for failure to pay child support, and failure to maintain health and life insurance policies. After giving David credit for two payments totaling $550, the court found that he was $38,750 in arrears, for which the chancellor awarded judgment with an 8% interest rate. As a result of having failed to maintain health insurance, David was required to reimburse Mollie $3,093 for medical expenses incurred for Chrissy's surgery. David was also ordered to pay $7,151 in attorney's fees. After hearing David's motion to reconsider on January 21, 2005, the court reduced the interest rate to 4.5%, and denied the rest of David's requested relief.
 STANDARD OF REVIEW ¶ 9. A chancellor's decision, particularly in the areas of alimony, divorce, or child support, will not be disturbed on appeal unless his findings are manifestly in error. Lahmannv. Hallmon, 722 So.2d 614, 618 ¶ 12 (Miss. 1998). However, if the chancellor is manifestly wrong, or applied an erroneous legal standard, we will not hesitate to reverse that decision. Id.
 DISCUSSION
1. Was the chancellor's finding of contempt manifestly wrong ?
 ¶ 10. David first argues that the chancellor erred in finding him in contempt. Civil contempt is a vehicle used to enforce or coerce obedience to a court's order.Lahmann, 722 So.2d at 620 par; 19. It is determined on the facts of the case, and is left up to a chancellor's discretion. Milam v. Milam, 509 So.2d 864, 866 (Miss. 1987). In a contempt action involving unpaid child support, when the party entitled to receive support introduces evidence that the party charged with paying has failed to pay, a prima facie case of contempt has been made. Lahmann,722 So.2d at 620 ¶ 19 (citing Guthrie v. Guthrie, 537 So.2d 886,888 (Miss. 1989)). The burden *Page 5 
then shifts to the paying party to show, by clear and convincing evidence, an inability to pay or any other defense.Id. (citing Duncan v. Duncan, 417 So.2d 908,909-10 (Miss. 1982)).
 ¶ 11. The chancellor found that David failed to comply with the divorce decree by failing to pay child support of $300 a month, and by failing to maintain health insurance and life insurance for his children. While David offered proof of two payments of $50 and $500 for child support, he did not offer any proof of his inability to pay. Instead, David testified that he paid cash to Mollie for which she did not give him a receipt. He also testified that Mollie told him that he could cease payments to her after Niki and Chrissy moved into his trailer. Mollie disputed David's testimony. She specifically denied having received support from David, and that she had agreed that David could cease support payments when Niki and Chrissy moved into his trailer.
 ¶ 12. The chancellor found the testimony of Mollie to have greater reliability than that of David. A chancellor's finding on conflicting evidence will not be disturbed on appeal unless it is manifestly wrong. Milam, 509 So.2d at 866. The chancellor found that other than making two payments totaling $550, David had failed to pay any child support to Mollie. Even had the chancellor agreed that David and Mollie had executed an agreement for David to cease support payments, David still had a legal obligation to continue with his monthly support. "The basic right of the minor child to be supported by its parents is not affected by an agreement between the parties with respect to such obligations. . . ." Varner v. Varner,588 So.2d 428, 433 (Miss. 1991) (quoting Calton v. Calton,485 So.2d 309, 310 (Miss. 1986)). Because there was no abuse of discretion in the chancellor's finding, the claim is without merit.
 ¶ 13. The chancellor also found that when David discontinued his employment with Mississippi Power in 1997, he failed to continue the health and life insurance as ordered in the divorce decree. David offered no proof of any subsequent policies, or of any inability to provide such policies. Thus, there was no abuse of discretion in the chancellor's finding on this claim. This issue is without merit.
2. The chancellor erred when he failed to give David Strack a credit for each month the plaintiffs, Mollie, Niki, and Chrissy resided in his mobile home. The judgment of the trial court resulted in unjust enrichment to the plaintiffs.
 ¶ 14. David argues that the chancellor erred in not giving him credit from the $38,750 arrearage for the months that he offered proof that Mollie, Niki, and Chrissy lived in his mobile home and he paid the bills. After finding David in willful and contumacious contempt for failing to pay child support, the chancellor did not award David credit for providing housing for Mollie, Niki, and Chrissy. Whether or not a non-custodial parent should be given credit against his/her child support obligation, is a matter left to the sound discretion of the chancellor.Wiles v. Williams, 845 So.2d 709, 712 ¶ 13 (Miss.Ct.App. 2003). The testimony was in conflict, and the chancellor found the testimony of Mollie to have greater reliability. Under these facts, this Court cannot say that the chancellor abused his discretion on this issue.
3. The chancellor erred in awarding the plaintiff, Mollie, any sums for child support as the children were parties and erred in not making an allocation of support owed.
 ¶ 15. Next, David claims that the trial court erred in allocating to Mollie *Page 6 
any sums for child support. Child support payments are for the benefit of the child, not the recipient parent. Brown v.Brown, 822 So.2d 1119, 1122 ¶ 11 (Miss.Ct.App. 2002). The child's emancipation does not relieve the parent of the obligation to pay any amounts of vested child support. And notwithstanding the child's emancipation, the parent may, acting in her continuing fiduciary capacity to the child, bring an action for those vested child support obligations. However, if the supporting parent's failure to adhere to his financial responsibilities causes the custodial parent to "dip into her own resources beyond what would otherwise be expected of her, she may recover, and retain any amounts so proved." Vornerv. Varner, 588 So.2d 428, 433 (Miss. 1991). Any sums that the custodial parent recovers must be paid directly to the child, save only sums that the parent may be able to prove that he or she paid to or for the children during the months and years in issue over and above their own support obligations.Id.
 ¶ 16. David argues that the trial court erred in allocating an award to Niki and Chrissy past what he claims their emancipation dates were. David claims Niki was emancipated on her wedding date of October 21, 1995. He claims that Chrissy was emancipated by "operation of law" when she quit school and ceased staying with her mother in 1997.
 ¶ 17. Mississippi Code Annotated Section 93-5-23
(Rev. 2004), provides that the duty to provide child support terminates upon the child's emancipation. It reads in pertinent part:
 ¶ 18. The duty of support of a child terminates upon the emancipation of the child. The court may determine that emancipation has occurred and no other support obligation exists when the child:
 (a) Attains the age of twenty-one (21) years, or
 (b) Marries, or
 (c) Discontinues full-time enrollment in school and obtains full-time employment prior to attaining the age twenty-one (21) years, or
 (d) Voluntarily moves from the home of the custodial parent or guardian and establishes independent living arrangements and obtains full-time employment prior to attaining the age of twenty-one (21) years.
 ¶ 19. The supreme court has defined emancipation as the "freeing of a child for all period of its minority from its care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it." Burt v. Burt, 841 So.2d 108,111 ¶ 19 (Miss. 2001) (quoting Caldwell v.Caldwell, 579 So.2d 543, 549 (Miss. 1991)). Occurrence of any one of the statutory events does not automatically mandate emancipation; the statute's language is permissive and is left to the chancellor's discretion. See Burt,841 So.2d at 112 (¶ 10).
 ¶ 20. If David desired to be relieved of his obligation to pay child support, due to the alleged emancipation of the children, it was his responsibility to bring the matter to the attention of the chancellor. Wiles, 845 So.2d at 711-12 ¶ 12. Where he failed to seek relief from the court, as opposed to engaging in self help, the decision to apply emancipation retroactively is left to the sound discretion of the chancellor. Houck v. Houck, 812 So.2d 1139, 1143 ¶ 12 (Miss.Ct.App. 2002). However, it must also be noted that David was paying "global" or lump sum child support. Under this concept, the amount of child support does not automatically reduce as children are emancipated. Instead, it remains constant until *Page 7 
the youngest child reaches emancipation. Wiles
at 711-12 ¶ 12). This issue is without merit.
4. The chancellor erred in finding that the statute of limitations did not apply because the claim was brought within seven years of the youngest child's emancipation.
 ¶ 21. Next, David argues that the chancellor erred in holding him in contempt because the statute of limitations bars Mollie, Niki, and Chrissy from collecting any monies. David cites Mississippi Code Annotated Section 15-1-43 (Rev. 2003) for his contention that Mollie, Niki, and Chrissy's complaint for contempt should fail because it was brought twelve years after the divorce was rendered. Section 15-1-43 reads:
 All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree.
 ¶ 22. However, it is clear that the Mississippi Code Annotated Section 15-1-59 (Rev. 2003) savings clause applies in child support cases. Wilson v. Wilson, 464 So.2d 496,498 (Miss. 1985). Section 15-1-59 of the code reads:
 If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.
 ¶ 23. Under this section, the statute of limitations clearly has not run in this case. The youngest child, Chrissy, was not twenty-one until May 17, 2001. Chrissy had until May 17, 2008, to bring this action. This issue is without merit.
5. The trial court erred in its award of the medical bills to Mollie based on Chrissy's emancipation.
 ¶ 24. This Court's resolution of issues 3 and 4 leads us to conclude that this issue lacks merit.
6. The trial court abused its discretion in its award of attorney's fees to the plaintiff, Mollie, in the amount of $7,151.
 ¶ 25. Finally, David claims that the trial court erred in awarding Mollie attorney's fees. The award of attorney's fees is largely within the discretion of the trial court. Robertsonv. Robertson, 812 So.2d 998, 1005 ¶ 22 (Miss.Ct.App. 2001). In a civil contempt matter, a chancellor has the ability to make the prevailing party whole and reinforce compliance with judicial orders by awarding attorney's fees. Hinds CountyBd. of Sup'rs v. Common Cause of Mississippi, 551 So.2d 107,125 (Miss. 1989). Where attorney's fees arise out of one party's intentional misconduct causing the opposing party to needlessly expend money and time, it is not inappropriate to award fees to the wronged party. Mabus v. Mabus, 910 So.2d 486, 489 ¶ 18 (Miss. 2005).
 ¶ 26. Because David was found to be in contempt, it was not error for the chancellor to award attorney's fees. Therefore this issue is also without merit.
 ¶ 27. THE JUDGMENT OF THE HARRISON COUNTY CHANCERYCOURT FINDING DAVID STRACK IN CONTEMPT AND AWARDING APPELLEES *Page 8 DELINQUENT CHILD SUPPORT OF $38,750, MEDICAL EXPENSES OF$3,093, AND ATTORNEY'S FEES OF $7,151, WITH INTEREST OF 4.5% ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
[1] Because Stacy was emancipated shortly after the divorce, she is not a party in this action.