941 So.2d 889 (2006)
Diane FORREST, Appellant,
v.
Kendall McCOY, Appellee.
No. 2005-CP-01610-COA.
Court of Appeals of Mississippi.
November 7, 2006.
Diane Forrest (Pro Se), attorney for appellant.
Bill J. Barnett, attorney for appellee.
*890 Before KING, C.J., Southwick, Irving, and Griffis, JJ.
GRIFFIS, J., for the Court.
¶ 1. Diane Forrest brought a petition for child support against Kendall McCoy. McCoy filed a counterclaim for modification of visitation. The chancellor dismissed both claims. Forrest appeals and argues the chancellor erred in finding there was no material change in circumstances. We find error. We reverse and remand for further proceedings.

FACTS
¶ 2. On December 2, 1988, Forrest and McCoy were granted an irreconcilable differences divorce. They had a one-year-old son named Jason. Forrest and McCoy signed a "Child Custody and Property Settlement Agreement." It provided that McCoy would have no contact with Jason, and McCoy would pay no child support.
¶ 3. At the time of their divorce, neither Forrest nor McCoy were employed. Forrest eventually became a nurse. McCoy is now employed with the United States Postal Service.
¶ 4. Despite their agreement to the contrary, Forrest allowed McCoy and his family visitation with Jason. The visitation, however, was less than what courts in this state recognize as standard. McCoy even paid some support for Jason through the years. Rather than a monthly payment to Forrest, McCoy's support came in the form of cash for Christmas and Jason's birthdays, as well as intermittent money for Jason's scouting and church trips. Through the years, Forrest suggested they modify the agreement to allow court ordered visitation and child support. McCoy refused each time, saying he would rather have a "non-binding" verbal agreement than a court-ordered one.
¶ 5. Forrest quit her job to take care of her new husband when he became disabled. She asked McCoy to provide health insurance for Jason. When he refused, she filed a motion to modify child support on October 19, 2004. She asked for back child support as well as future child support payments. McCoy asked for joint custody or, in the alternative, for a modification of visitation.
¶ 6. The chancellor dismissed both petitions.

STANDARD OF REVIEW
¶ 7. A chancellor's findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. Sanderson v. Sanderson, 824 So.2d 623, 625(¶ 8) (Miss.2002). This Court will not disturb the findings of a chancellor when supported by substantial credible evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Id. at 625-26(¶ 8). Legal questions are reviewed de novo. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002).

ANALYSIS
¶ 8. Forrest only appeals the chancellor's decision that denied future child support. She does not appeal the denial of back child support. Forrest asked for an order that included basic monthly support payments, health insurance, payments for medical expenses, and costs of education. She argues that the chancellor erred in finding no material change in circumstances. The chancellor denied future child support, because he found no material change in circumstances.
¶ 9. The "material change in circumstances" test has no application, where there was never an order of child support. Lacey v. Lacey, 822 So.2d 1132, 1140(¶ 36) (Miss.Ct.App.2002). Since McCoy was *891 never ordered to pay child support, the chancellor erred in applying this test. Instead, the chancellor was required to examine the issue as an initial award of child support.
¶ 10. In Lacey, the parties were granted an irreconcilable differences divorce. Id. at 1133(¶ 2). By agreement, the non-custodial mother was to pay no child support. Id. at 1139(¶ 29). The parties made this agreement because the mother was unemployed. Id. The Court upheld the chancellor's later ruling that required the mother to pay child support. Id. at 1139(¶ 31). The Court noted that not only was no child support awarded in the initial decree, but "the parties did not originally agree that other arrangements would be adequate and child support would not be needed unless the custodial parent became unemployed." Id. at 1140(¶ 35). This language distinguished the facts in Lacey from an earlier decision in Mississippi Department of Human Services v. Shelby, 802 So.2d 89, 96 (Miss.2001), where the party contracted away child support in exchange for the conveyance of other property or financial arrangement at the time of the divorce. Lacey, 822 So.2d at 1140(¶ 35). Therefore, this Court treated the motion as one for an initial award of child support and affirmed an award in line with the statutory child support guidelines. Id. at 1140(¶ 36).
¶ 11. Here, there is not a financial agreement where the parties could be considered to contract away child support, as in Shelby. Instead, the original agreement did not include a provision for child support, because neither had employment or a source of assets or income. The chancellor was required to treat Forrest's motion as one for an initial award of child support. Both parents are obligated to provide financially for their children. Lacey, 822 So.2d at 1140(¶ 36). "The statutory presumption is that the non-custodial parent will provide support and it will be in a specific percentage of gross income." Id. Thus it "shall be a rebuttable presumption" that McCoy, as the non-custodial parent, shall provide his child with fourteen percent of his adjusted gross income. Miss.Code Ann. § 43-19-101(1) (Rev.2004). See also Lacey, 822 So.2d at 1140(¶ 36).
¶ 12. Since Forrest does not appeal the denial of past child support, on remand, the chancellor shall determine McCoy's obligation retroactive to the date of filing the petition, October 19, 2004. The statutory percentage covers "the child's basic, necessary living expenses, namely food, clothing and shelter." Nichols v. Tedder, 547 So.2d 766, 769 (Miss. 1989). McCoy "may also be ordered to pay additional amounts for expenses not covered by the basic award. These include . . . out-of-pocket medical and other health-related expenses, life insurance and expenses of a college education." Deborah H. Bell, Miss. Family Law § 10.07 (1st ed.2005) (citing Nichols, 547 So.2d at 769).
In addition, we have held that it is not error for the trial court to require a parent to furnish an automobile and make mortgage payments as part of an award for the care and maintenance of children. Of course, the foregoing items are not intended to be an exclusive listing, but are merely examples of the real distinction between regular child support and other types of payments for which a parent may become obligated.
Nichols, 547 So.2d at 769 (citations omitted).
¶ 13. We hold that McCoy is required to support Jason. The fact that Forrest and McCoy agreed otherwise is no defense. Parents may not contract away their child's right to child support. Lawrence v. Lawrence, 574 So.2d 1376, 1381 *892 (Miss.1991). Any such agreement is null and void. Houck v. Ousterhout, 861 So.2d 1000, 1001-02(¶ 8) (Miss.2003). Such benefits belong to the child. Owen v. Wilkinson, 915 So.2d 493, 496(¶ 10) (Miss.Ct.App. 2005). "The duty to support children is a continuing duty on both parents and is a vested right of the child." Id. (quoting Calton v. Calton, 485 So.2d 309, 310 (Miss. 1986)). "[C]hildren are not chattels whose rights can be bargained away by parents; such agreements will be evaluated with the best interest of the child as its criteria." Calton v. Calton, 485 So.2d 309, 310 (Miss. 1986). Likewise, a child does not lose his right to child support due to the custodial parent's delay in seeking child support. Owen, 915 So.2d at 496(¶ 10).
¶ 14. We reverse and remand for further proceedings consistent with this opinion.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS REVERSED AND REMANDED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.