¶ 1. Diane Rene Persons McCoy Forrest filed a motion for contempt against Kendall McCoy, alleging that McCoy failed to pay child support from December 1, 1987, to December 2, 1988. The chancellor denied *Page 159 
Forrest's motion for contempt. Forrest appeals, raising the following two issues:
 I. Whether the chancellor erred by denying Forrest's request for child support awarded under a temporary order.
 II. Whether the chancellor erred by denying Forrest's request for fees incurred in pursuit of this action.
Finding no error, we affirm the chancery court's denial of Forrest's motion for contempt.
 FACTS AND PROCEDURAL HISTORY ¶ 2. Forrest and McCoy were once married, and one child named Jason was born to this union. While their divorce was pending, the chancellor entered a temporary order on January 8, 1988, ordering McCoy to pay $450 per month for child support from December 1987 until further order of the court. The divorce was finalized in December 1988 and incorporated a child custody and property settlement agreement, which provided that McCoy would not exercise visitation rights and would not be obligated to make child support payments.
 ¶ 3. Sixteen years later, on October 19, 2004, Forrest filed a motion to modify child support, requesting back child support and future child support payments. The chancellor denied all requested relief. Forrest appealed the chancellor's decision, but she failed to appeal the denial of back child support. This Court reversed and remanded that action, instructing the chancellor to only determine McCoy's future child support obligations retroactive to October 19, 2004, because Forrest failed to appeal the denial of back child support. Forrest v. McCoy, 941 So.2d 889, 891-92 (¶¶ 12-14) (Miss.Ct.App. 2006). On remand, the chancellor ordered McCoy to pay $500 per month for child support retroactive to October 2004 and $500 per month in future child support payments.
 ¶ 4. On July 19, 2007, Forrest filed a motion for contempt against McCoy, alleging that he failed to comply with the temporary order that was entered on January 8, 1988. The chancellor denied Forrest's motion for contempt, stating that Forrest had previously sought back child support, which included any support due under the temporary order, and she failed to appeal the denial of the request.
 ANALYSIS ¶ 5. When supported by substantial evidence, "this Court will not disturb a chancellor's findings unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard." Hensarling v. Hensarling,824 So.2d 583, 586 (¶ 7) (Miss. 2002) (quoting Johnson,v. Johnson, 650 So.2d 1281, 1285 (Miss. 1994)).
I. Whether the chancellor erred by denying Forrest'srequest for child support awarded under a temporary order.
 ¶ 6. Forrest argues that the chancellor erred by denying her request for child support for the thirteen months covered by the temporary order. Conversely, McCoy argues that the chancellor properly denied Forrest's motion for contempt because Forrest failed to timely appeal the issue of back child support when she appealed the denial of her motion to modify child support. In rebuttal, Forrest contends that the temporary order addressed in her motion for contempt is separate and distinct from her previous motion to modify child support from the final judgment rendered in the divorce. Forrest maintains that although she was denied back child support under her motion to modify child support, she is not precluded from seeking *Page 160 
the child support owed under the temporary order.
 ¶ 7. It is important to note that Forrest is proceeding pro se in her appeal and does not cite to any authority in support of her contentions. "Our supreme court has held that pro se parties should be held to the same rules of procedure and substantive law as represented parties." Asanov v.Hunt, 914 So.2d 769, 771 (¶ 8) (Miss.Ct.App. 2005) (citing Dethlefs v. Beau Maison Dev. Corp.,511 So.2d 112, 118 (Miss. 1987)). Any failure to cite authority in support of an argument precludes consideration of the issue on appeal.Bout-well v. Boutwell, 829 So.2d 1216, 1223 (¶ 29) (Miss. 2002). Despite this procedural bar, we will address the merits of Forrest's argument.
 ¶ 8. In her motion to modify child support filed on October 19, 2004, Forrest requested child support for the past sixteen years and child support until Jason turns twenty-one years old. The motion did not specifically mention the temporary order. However, Forrest's claim for "child support for the past sixteen years" covers October 1988 to October 2004, encompassing the time the temporary order was in effect.
 ¶ 9. When a court of competent jurisdiction has entered a final judgment on the merits of an action, the doctrine of res judicata precludes a party from relitigating claims that were actually litigated and determined or could have been litigated and decided in a prior action. Lackey v. Fuller,755 So.2d 1083, 1086 (¶ 12) (Miss. 2000) (citing Childers v.Childers, 717 So.2d 1279, 1280 (¶ 6) (Miss. 1998)). This Court previously found that Forrest failed to appeal the denial of back child support for a sixteen-year period, which included the time covered by the temporary support order. Thus, Forrest is now precluded by res judicata from raising a claim for back child support due under the temporary order. SeeForrest, 941 So.2d at 891 (¶ 12). Therefore, we affirm the chancellor's denial of Forrest's motion for contempt for back child support.
 ¶ 10. This decision is made without any prejudice to Jason's right to recover unpaid child support on his own behalf. See id. at 892 (¶ 13) (citing Owen v.Wilkinson, 915 So.2d 493, 496 (¶ 10) (Miss.Ct.App. 2005)). "[T]o bar the child because of a parent's failure to timely assert the child's claim for support is to deprive the child of that support which belongs to him for reasons over which he has no control." Owen, 915 So.2d at 496 (¶ 10) (quoting Wilson v. Wilson, 464 So.2d 496, 499
(Miss. 1985)). Therefore, although we find that Forrest is barred from bringing this claim, Jason may still pursue any back child support if there is such due. See id.
II. Whether the chancellor erred by denying Forrest'srequest for fees incurred in pursuit of this action.
 ¶ 11. Forrest argues that the chancellor erred by not awarding her fees incurred in pursuit of this action because she is financially unable to pay the court costs. In return, McCoy requests that this Court assess sanctions against Forrest because McCoy believes that Forrest's lawsuit is frivolous.
 ¶ 12. First, addressing Forrest's claim, it is within the trial court's discretion to award a party fees and court costs.Weston v. Mounts, 789 So.2d 822, 827 (¶ 21) (Miss.Ct.App. 2001). "When the court denies a spouse's petition for contempt, no award of attorney's fees is warranted."Id. (quoting Varner v. Varner, 666 So.2d 493,498 (Miss. 1995)). The chancellor denied Forrest's request for fees because McCoy was not found to be in contempt of court, and we affirm. *Page 161 
 ¶ 13. Regarding McCoy's request for sanctions, Mississippi Rule of Appellate Procedure 38 provides, "[i]n a civil case if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee." See also Little v.Collier, 759 So.2d 454, 459 (¶ 22) (Miss.Ct.App. 2000). With that in mind, we find that Forrest's appeal is not frivolous. Thus, we deny McCoy's request to impose sanctions against Forrest.
 CONCLUSION ¶ 14. We find that Forrest's request for child support awarded under the temporary order is, in essence, a request for back child support. Since Forrest failed to appeal the denial of back child support in her previous lawsuit against McCoy, she is now precluded from relitigating this issue. We also find that the chancellor properly denied Forrest's request for court costs and fees, and we decline to assess sanctions against Forrest because we do not find her lawsuit to be frivolous. Therefore, we affirm the chancellor's denial of Forrest's motion for contempt.
 ¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HINDSCOUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOTHE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.